THE STATE ex inf. SUTTON, Appellant, v. FASSE.

**Division One, June 15, 1905.**

1. **APPELLATE JURISDICTION: Title To Office: School Director.** The office of school director is an office under this State within the meaning of the constitutional provision giving the Supreme Court jurisdiction of the appeal "in cases involving title to an office under this State."

2. **SCHOOL DIRECTOR: Taxpayer.** The statute requiring a school director to be a resident taxpayer and a qualified voter of the district and to have paid a State and county tax within one year next preceding his election, does not mean that he must have paid taxes for school purposes within the district. If he paid a State and county tax within the year in another county and was at the time of his election a resident of the district long enough to make him a qualified voter, he is a resident taxpayer within the meaning of the statute.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Robert L. Sutton* for appellant.

(1) The information was filed by the prosecuting attorney *ex officio,* and therefore the burden is on respondent to show that he rightfully and lawfully holds and uses the office of school director. State ex inf. v.

Vallins, 140 Mo. 527; State ex inf. v. Berkely, 140 Mo. 184; State ex inf. v. Hogan, 163 Mo. 52; State ex rel. v. McCann, 88 Mo. 386. When the State by *quo warranto* calls upon an individual to show title to an office, he must show the continued existence of every qualification necessary to the enjoyment of the office People v. Mayworm, 5 Mich. 146; State v. Beecher, 15 Ohio 723; State v. Gleason, 12 Fla. 265; Clark v. People, 15 Ill. 217; State v. Aldermen of Pierce City (Mo.), 3 S. W. 849. If the respondent fails in his proof, judgment of ouster may follow. People v. Bartlett, 6 Wend. 422; People v. Pease, 30 Barb. 588. (2) It is not shown by the evidence nor admitted by the pleadings that respondent is a citizen of the United States, a qualification prescribed by the statute. Sec. 9759, R. S. 1899. (3) It is not shown by the evidence or admitted by the pleadings that respondent ever qualified as director by subscribing the oath required by the statute and the Constitution. Sec. 9760, R. S. 1899; Const., sec. 6, art. 14; State ex rel. v. McCann, 88 Mo. 391; High, Ex. Leg. Rem., sec. 627; State v. Dierberger, 90 Mo. 374. (4) Respondent was not a resident taxpayer of the district. Sec. 9759, R. S. 1899. A taxpayer is one who pays taxes regularly assessed. State ex rel. v. Rebenack, 135 Mo. 341. Furthermore, the payment of the delinquent tax in Warren county in February, 1901, does not fill the requirement of the statute for the payment of a State and county tax within one year prior to his election. Such tax must be paid in the county where the director is elected and holds office. Sec. 9759, R. S. 1899.

*Martin & Woolfolk* for respondent.

(1) The plaintiff does not give as grounds for a new trial, in its motion for a new trial herein, that the proof did not show respondent a citizen of the United States or that there was a failure of proof that respondent took and subscribed the oath of office as member of

the board of directors of said district; and having failed to call attention of the trial court specifically to the alleged error, it is too late to raise the question at this late hour—granting that there was such failure of proof, which we do not. R. S. 1899, sec. 864; Sweet v. Maupin, 65 Mo. 65; Standard Milling Co. v. Railroad, 122 Mo. 258; Vineyard v. Matney, 68 Mo. 105; Hall v. Harris, 145 Mo. 619; Bartlett v. Veach, 128 Mo. 91; Land Company v. Bretz, 125 Mo. 419; Baker v. Railroad, 122 Mo. 598. (2) Respondent was a resident taxpayer within the meaning of the statute. [R. S. 1899, sec. 9759.]

LAMM, J.—*Quo warranto* on the information of the prosecuting attorney of Lincoln county, *ex officio*, to try the title of Fasse to the office of school director of district 1, township 48, range 2, of Lincoln county.

Judgment was rendered below for respondent and relator appealed to the St. Louis Court of Appeals, where, on January 20, 1903, the judgment of the lower court was affirmed, the St. Louis Court of Appeals speaking through GOODE, J. A rehearing was granted on the suggestion that the St. Louis Court of Appeals had no jurisdiction, and that this court under section 12 of article 6 of the State Constitution has exclusive appellate jurisdiction "in cases involving title to an office under this State." The St. Louis Court of Appeals under the authority of State ex rel. v. Hill, 152 Mo. 234, rightly concluded that the office of school director was an office under this State and that it was without jurisdiction; wherefore, it granted a new hearing and transferred the cause here for our determination.

We have examined the bill of exceptions, the briefs of counsel and the opinion handed down, and being persuaded that the opinion of GOODE, J., correctly construed the statutes involved and applied the law to the facts, so that ultimate justice was attained, we adopt it as our own. That opinion is as follows:

"This is a *quo warranto* proceeding instituted at the relation of Robert L. Sutton, prosecuting attorney of Lincoln county, against the respondent, to oust the latter from the office of member of the board of directors of a school district in Lincoln county, to which office the evidence shows Fasse was elected on the first Tuesday in April, 1901.

"The information charges the respondent with unlawfully usurping the office, exercising the powers and performing the duties therof since said date.

"An answer was filed alleging the lawful election of Fasse on said date by his receiving twenty-six out of the thirty-eight votes cast by the qualified voters of the district voting at the election and stating. also his qualifications for the office.

"For a person to be eligible to the office of director of a school district in this State he must be a citizen of the United States, a resident taxpayer and a qualified voter of the district, and must have paid a State and county tax within one year next preceding his election. It is also prescribed that he must take and subscribe to the oath of office within four days after his election. [R. S. 1899, secs. 9759 and 9760.]

"Respondent's title to the office was assailed on the ground that he was not a resident taxpayer in the district in which he was chosen, and in support of that position appellant points to the fact, testified to by Fasse himself, that he paid no tax in the year 1900. His omission to do so was likely due to the circumstance that he had moved into Lincoln county the preceding year, to-wit, 1899, from Warren county, where he had been residing since the year 1894. Previous to the last-mentioned year he had resided and paid taxes in Lincoln county and in the very school district in which he was elected director. Fasse was a man in humble circumstances, having only some household goods, a mule, a cow and a one-half interest in a 'saw outfit' and engine. The testimony, however, shows that he had con-

tinually paid taxes on the small property he owned, for years, in, Lincoln and Warren counties, according to his residence; but in the year 1900, the assessor of Lincoln county overlooked him, presumably on account of his recent return there. That he had paid a State and county tax in Warren county within one year preceding his election was proved by a tax receipt dated March 22, 1901; the election, as stated, occurring on the first Tuesday of April, 1901. This proof, therefore, satisfied the statute as to that qualification.

"Appellant insists the requirement that a school director must be a resident taxpayer of the district means that he must have paid taxes for school purposes within the district. That contention cannot be adopted without enlarging the language of the statute and changing its intention. The meaning is that a person who is a qualified voter of the district and also a taxpayer is eligible. A qualified voter is defined in the same section to be one who, under the general laws of the State, would be allowed to vote in any county for State and county officers and who has resided in the district thirty days preceding the school district meeting at which he offers to vote. Any person who possesses those qualifications is a qualified voter as defined in section 9798 (9759?) in regard to the qualifications of school director. If he is also a taxpayer (that is, a person owning property in the State subject to taxation and on which he regularly pays taxes) he is eligible to the office of school director whether he has in fact paid a tax within such school district or not; otherwise, when a new district is formed no one would be eligible to the office of school director; or, if territory is taken from one district and attached to another, no person residing in the newly attached part would be eligible to the office of school director in the district to which it is attached until he first had paid a school tax therein. Provisions are made by the statute for the formation of new districts and also for changing the territory of

districts. [R. S. 1899, sec. 9742.] The statutes bearing on the subject must not be so construed as to have unreasonable consequences, and the construction contended for by appellant, we think, would have.

"We are cited to the case of State ex rel. v. Rebenack, 135 Mo. 340, as holding that no one is eligible to hold office as a member of a school board unless he has paid a school tax in the district; but that decision dealt with a special statute referring to the city of St. Louis, which provided that no person should be eligible as a member of the school board of said city who had not "paid a school tax therein for two consecutive years immediately preceding his election." [R. S. 1889, p. 2172, sec. 7.] That language is different from the statute under consideration and compelled the Supreme Court to decide as it did.

"Appellant further contends that Fasse did not show he was a citizen of the United States and that he qualified after the election by taking the oath of office. The State took this appeal and made up the bill of exceptions. We are satisfied the only contested issue below was whether Fasse was a taxpayer within the meaning of the statutes and that no point was made about his lacking other qualifications. We are also convinced that he proved he was a citizen and that he was sworn into office in time, which proof was omitted from the bill of exceptions simply because there was no contention that he was disqualified by lack of citizenship or that he failed to take the official oath; in fact, as much was stated by the counsel for respondent in his brief and also on argument in this court in the relator's presence and was not denied by the latter. When the incumbent of an office is called on by the State to show his title thereto the burden is on him to show it; but this rule of law is based on the assumption that public officers who are intrusted with the power to institute *quo warranto* proceedings, will use their authority

under a sense of official responsibility, as doubtless the relator did; and will not attempt to oust the incumbent of an office unless there is probable cause. It would be wholly unjust to reverse and remand this case in order that the respondent may make proof of his citizenship and that he duly qualified as school director, in view of the undenied fact that proof of those facts was made and that they were not controverted during the former trial. The judgment is, therefore, affirmed.''

The judgment of the circuit court of Lincoln county, being for the right party, is, for the reason formulated in the above opinion, accordingly in all things affirmed.

All concur.