THE STATE ex inf. GEORGE P. WRIGHT, Prosecuting Attorney of Nodaway County, Appellant, v. EDWARD L. MORGAN et al.

Division One, June 2, 1916.

1. APPEAL: Motion for New Trial: Set out in Record Proper. It is not sufficient to set out the motion for a new trial in the abstract of the record proper as a part thereof. The proper place for a motion for a new trial is in that part of the abstract containing the bill of exceptions, and it must either be set out therein or a call for it inserted therein, else it cannot be considered on appeal, nor can any part of such alleged bill be considered.

2. QUO WARRANTO: Record Case for Affirmance: Consolidated School. The judgment for defendants in a suit in the nature of a writ of *quo warranto* to oust them as school directors, on the ground that the consolidated school district for which they essay to act is not a legal corporation, stands

for affirmance on the record proper on appeal, where the
• petition states a good cause of action and the answer sets
out in detail all the proceedings tending to show that the
district was legally established as required by the statute and
that respondents were legally elected directors thereof, and
where there is no bill of exceptions that can be considered,
if the statute itself is constitutional.

3. **CONSOLIDATED SCHOOL LAW: Title.** The title of the Act
of 1913, Laws 1913, p. 721, providing for the organization of
consolidated school districts, contains but one subject, and
that is clearly enough expressed in its title, and the act does
not violate section 28 of article 4 of the Constitution.

4. ————: **Special.** The Consolidated School District Law of
1913, Laws 1913, p. 721, providing for the organization of a
consolidated school district by the voters of the community,
is not a special or local law, now is it void on the theory
that a general law applicable to the whole State might have
been enacted. It is not confined to any county or township
in the State. Any community in the State, having the requi-
site area and number of children of school age, may be
brought within its provisions. It is as general as is consist-
ent with its scope and design.

5. ————: ————: **Local Option: Application.** Nor is it uncon-
stitutional on the theory that it is a special local option law.
Whether the community, qualified to meet its prescriptions,
will organize under it, is left to the option of its legal voters;
but if the prescribed proportion vote for it, such vote does not
create the law, but places the community so voting within its
provisions, and the organization then takes effect, and also
the law, as it existed before the vote was taken.

6. ————: **Neither Common nor City District.** The Consolidated
School District Law is not violative of section 11 of article
10 of the Constitution, on the theory that a district formed
under it would be neither a county nor a city district.

7. ————: **Equal Protection of the Law.** The said law makes
no discrimination as to persons in the territory where it takes
effect, but applies alike to all persons within the territory
for which it is adopted, and therefore it does not violate
the Fourteenth Amendment, which declares that no State
shall deny to any person within its jurisdiction the equal
protection of the law.

8. ————: **Liberal Construction.** It is the policy of the Supreme
Court, in construing statutes relating to schools and school
districts, to give them a liberal construction, and to uphold
them whenever it can be done without violating the plain
provisions of the Constitution.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*William G. Sawyers, George P. Wright* and *A. F. Harvey* for appellant.

(1) This act is local and special in that it provided that town or city school districts having an enumeration of two hundred children of school age shall not be included in any consolidated school district, thereby exempting from the provisions of the act large portions of the State embraced in city and town districts that can never have an opportunity to vote on consolidated schools, this being a Local Option Law. Local Option Laws must apply to the whole State. Otherwise they violate section 53 of article 4 of the Constitution. State ex rel. v. Railroad, 195 Mo. 245; Ex parte Smith, 231 Mo. 118. (2) There is no reason why a general law governing the consolidation of schools could not have been enacted which would apply to the whole State. No reason can be given for section 10833, R. S. 1909, and the Act of 1913, when one law could be enacted to cover all school district consolidations. Henderson v. Koenig, 168 Mo. 375; Hays v. Mining & Milling Co., 227 Mo. 288; State ex rel. v. Williams, 232 Mo. 74. (3) The Constitution, section 11 of article 10, only provides for two classes of school districts, viz., city or town districts and country districts. Taxes are levied to maintain schools with reference to those two classes of districts, only. In the case at bar one town district and four country districts are attempted to be consolidated into one district called a consolidated school district. It is evident that such a district is not a town district as contemplated by the Constitution, neither is it a country district as contemplated by the Constitution. (4) By reason of districts containing two hundred children of

school age being excluded from the provisions of the Act of 1913 in question, portions of the State can be taxed to maintain consolidated schools while other portions of the State can never be so taxed. Also under the provisions of our State Constitution, section 11, article 10, to create a bonded indebtedness of the district a two-thirds vote is necessary. By the provisions of the Act of 1913, in question, a consolidated district may be created by a majority vote and outstanding bonds of any district taken into the consolidation may be imposed on those who did not reside in the district voting them, by such majority vote for consolidation. Such are the provisions of the Act of 1913 in question. This is in violation of section 1 of the 14th Amendment to the Constitution of the United States in that it denies to all the citizens of the State an equal protection of the laws. State ex rel. v. Railroad, 195 Mo. 228.

*Cook, Cummins & Dawson* for respondents.

(1) The constitutionality of this statute has been, by this court, very thoroughly discussed, and conclusively decided in a very recent case. State ex rel. v. Gordon, 170 S. W. 892. (2) It is a statute applicable to all parts of the State that fall within its terms, as to population, giving to that population the right to organize under its terms and receive the benefits of the statute, if they so desire; and it is not bad because it limits its operations to districts having less than two hundred children of school age. State ex rel. v. Andre, 216 Mo. 630.

RAILEY C.—On July 7, 1914, George P. Wright, prosecuting attorney of Nodaway County, commenced a proceeding by *quo warranto,* in the circuit court of said county, against the above named defendants, charging that they were unlawfully and wilfully usurping and exercising the functions and prerogatives of directors of school districts numbered 141, 160, 161, 162

and 181, in said county, in the way and manner afore-
said, under the pretense and claim that the above men-
tioned school districts were embraced in and constitute
the alleged Consolidated District No. 162 as aforesaid;
and that said respondents have been, and now are, un-
lawfully and wilfully acting in concert and together,
as a board of school directors, in the territory, em-
braced in the school districts aforesaid and are caus-
ing taxes to be assessed and levied, teachers to be em-
ployed, schools to be run, etc., and are performing
all acts and things required and permitted to lawful
school directors; all of which is wilfully and unlaw-
fully done, to the injury and detriment of the State of
Missouri.

On October 12, 1914, respondents filed their return
setting out in detail all the different steps and pro-
ceedings to establish Consolidated School District No.
162, and tending to show, that they were elected as
directors in said consolidated district, as required by
law.   The facts stated in the return, if true, show a
substantial compliance with the law, in regard to the
formation of said district and the election of respond-
ents as directors therein.

Relator filed a reply, putting in issue the facts
pleaded by respondents in their return; and attacked
the validity of the Act of 1913, Laws 1913, page 721
and following, upon the alleged grounds, that said act
violates section 28 of article 4, of our Constitution, in
that, it contains more than one subject, which is not
clearly expressed in the title; and that the title to said
act is misleading and not broad enough to cover the
subjects attempted to be embraced therein.   He further
charges that said act violates section 53 of article 4
of our Constitution, in that, it is local, special, and ap-
plies only to a part of the State; that a general law
could be made applicable to the whole State; that it is
a Local Option Law, and exempts from its operations
portions of the State; that the attempted classification

violates section 11 of article 10 of our Constitution. He further alleges that said act violates the 14th Amendment to the Constitution of the United States, in that, it denies to the citizens of the State the equal protection of the laws; and that the enforcement of said act would abridge the privileges and immunities of citizens of the United States and of the State of Missouri.

The court, on the 19th of December, 1914, after hearing the evidence and argument of the counsel, found the issues in behalf of respondents and entered judgment in accordance therewith. The cause was duly appealed by relator to this court.

We have simply set out heretofore the substance of the petition, answer, reply and judgment, as constituting the record proper; and have not set out any of the evidence and matters of exception, because the alleged bill of exceptions mentioned in the abstract of record does not contain a motion for a new trial, nor is there any call therein for same. This matter will be considered more fully in the opinion to follow.

I. Appellant has set out as a part of the *record proper* his motion for a new trial, the ruling of the court thereon, and alleged that an exception was taken to the action of the court in overruling same. Turning, however, to the abstract of record, and inspecting the contents of the alleged bill of exceptions, *we find no motion for a new trial set out, nor is there any call made there for said motion.*

Motion for New Trial.

Appellant, in his abstract of record, where matters of exception are relied on, must show by the record proper that his motion for a new trial was filed within the time required by law. He complied with *this* requirement, as shown by the record. He is likewise required, in his abstract of record, *to set out as a part of the bill of exceptions* the motion for a new trial, or by appropriate language *call for same* therein.

In the case at bar, the alleged bill of exceptions does not contain any motion for a new trial, nor is there any call therein for said motion. Hence, under the repeated rulings of this court, we can only consider the record proper. [Haggerty v. Ruth, 259 Mo. 1. c. 222-3; City of St. Louis v. Young, 248 Mo. 1. c. 347-8; Realty Co. v. Brewing Co., 247 Mo. 1. c. 31-2; Blanchard v. Dorman, 236 Mo. 1. c. 438-9; City of St. Louis v. Henning, 235 Mo. 1. c. 51; Betzler v. James, 227 Mo. 1. c. 387; Hays v. Foos, 223 Mo. 1. c. 423-4; State ex rel. v. Adkins, 221 Mo. 1. c. 120; Groves v. Terry, 219 Mo. 1. c. 597-8; Gilchrist v. Bryant, 213 Mo. 1. c. 443; Reed v. Colp, 213 Mo. 577; Stark v. Zehnder, 204 Mo. 442; Harding v. Bedoll, 202 Mo. 625; State v. Ruck, 194 Mo. 416; State v. Revely, 145 Mo. 660; State v. Handley, 144 Mo. 118; State v. Wray, 124 Mo. 542; State v. Griffin, 98 Mo. 1. c. 674, and cases cited.]

There are numerous other cases decided by this court, as well as the various courts of appeals announcing the same rule of law. This court has endeavored to impress upon counsel throughout the State the necessity of observing this plain requirement. If members of the bar are heedless in failing to observe the law, in respect to these matters, with so many decisions requiring it, they should not expect the court to overlook such errors, when they are patent upon the fact of the record.

II.   The petition states a good cause of action, and the answer, as heretofore stated, sets out in detail all of the proceedings, tending to show that Consolidated School District Number 162 was legally established, as required by the Act of 1913, pages 721 and following; and that respondents were legally elected to fill the positions, from which they are now sought to be ousted by relator. The reply put in issue the allegations of the answer, and attacked the

Record Proper.

validity of the above act upon the grounds heretofore set out in the statement.

On the record thus presented, the trial court, after hearing the evidence and argument of counsel, found the issues in favor of respondents and entered judgment in accordance therewith. As the trial court, on the facts, has found in favor of respondents; and as we are precluded from reviewing same, because no motion for a new trial appears in the bill of exceptions or is called for therein, the judgment below must stand affirmed, unless the Act of 1913, at pages 721 and following, be held as unconstitutional upon one or more of the grounds set out in the reply.

III. The reply challenges the constitutionality of the Act of the General Assembly of Missouri, approved March 14, 1913, and reported in Laws 1913, at pages 721 and following, on the ground, that it is violative of section 28 of article 4 of the Constitution of Missouri, in that it contains more than one sub-

Title to Statute.

ject, which is not clearly expressed in the title, and because the title to said act is misleading and not broad enough to cover the subject attempted to be embraced therein.

We are relieved of the necessity of considering this question on account of the recent ruling of the Court in Banc in the case of State ex rel. Clark v. Gordon, 261 Mo. 631. Judge WOODSON, in speaking for the above court, in his opinion, set out various sections of the act complained of, and in direct terms held that said act did not violate the provisions of section 28 of article 4 of the Constitution aforesaid. He cites, in his opinion, a large number of authorities sustaining the conclusion reached by him in that respect. In discussing other constitutional questions raised, in respect to said act, Judge WOODSON, on page 649, said:

"This act is progressive and in keeping with the forward movement of the State and country at large

—bringing home better schools and higher grades of instruction, which the ordinary public schools do not teach, and are incapable of teaching on account of the lack of means to construct appropriate buildings and to employ competent teachers. By this scheme of the Legislature thousands of our children can and will be instructed in the higher branches of education not taught in the ordinary school, who are unable to go to city high schools, colleges and universities away from home.

"The design of the Legislature is good and wise, and before the act conferring this beneficence upon the youth of the country should be declared invalid, the reasons therefor should be so clear and unanswerable that no reasonable doubt should exist as to its unconstitutionality; and after a careful reading of the briefs of the respective parties and having investigated the authorities cited, we are of the opinion that no such reason has been pointed out."

The language above quoted fully disposes of the foregoing question, and is alike applicable to the other constitutional questions hereafter discussed.

IV. It is charged in the reply that said act is unconstitutional because it is violative of section 53 of article 4 of the Constitution of Missouri, in that it is local and special, and applies to only a part of the State; that a general law can be made applicable to the whole State, etc. We are of the opinion, that there is no merit in this contention. The above act is not *confined* to any county or township in the State. A consolidated school district may be formed anywhere in the State, if the terms and conditions prescribed by the statute are followed.

Special Law: Local Option Application.

This same class of questions has been often brought before our courts in different forms. At an

early day, the Legislature passed what was generally known as a Local Option Law, in respect to the sale of intoxicating liquors. [Laws 1887, p. 179.] It was vigorously assaulted for many years in the courts of the State, and, among other things, the charge was made that it was unconstitutional. In the case of State ex rel. Maggard v. Pond, 93 Mo. l. c. 621, Judge NORTON, speaking for this court, said:

"Under the rule thus laid down, the contention of the relator, that the act in question is a local or special, and not a general law, is without foundation. The act in question applies to all the counties in the State as a class, and to all incorporated cities or towns as a class having a population of twenty-five hundred or more inhabitants. All the counties in the State and all cities and towns with the requisite population, may, by complying with its terms, come under its provisions."

After an elaborate review of the above law, it was sustained by the court.

The construction of the above law afterwards came before this court in Ex parte Handler, 176 Mo. l. c. 388-9. On page 389, Judge GANTT, in behalf of Division Two, said:

"The very words 'local option' imply the grant of the right to one locality to adopt and another to decline to avail itself of the law. Moreover, it is no objection to a law that it does not operate upon every citizen alike; it is sufficient if it operates equally upon all who in all parts of the State come under the same circumstances and conditions. [Gordon v. State, 46 Ohio St. 607; Santoro v. State, 46 Ohio St. 607.]"

Judge GANTT, in presenting the issue involved, on page 388, said:

"Addressing ourselves now to the two propositions which counsel now urge in addition to those decided in the Maggard-Pond case, the first is that it violates the constitutional provision that all laws of a

general nature shall have uniform operation through-
out the State; and inasmuch as a different penalty is
imposed by the Local Option Law for selling and giv-
ing away intoxicating liquors from that inflicted for
the sale or giving away of such liquors in other por-
tions of the State, it necessarily offends the principle
of uniformity.''

All of the objections urged against the constitu-
tionality of said act were again overruled in the Hand-
ler case.

In State ex rel. Dome v. Wilcox, 45 Mo. 458, the
relator instituted proceedings in the nature of a *quo
warranto* in the Livingston Circuit Court, to determine
the right of respondent to the office of school director
in the town of Utica; it being a school corporation,
organized under chapter 47 of the General Statutes
1865. Relator sought to oust respondent from office
on the ground that said chapter of the above law of
1865 was unconstitutional. Judge WAGNER, on page
461, said:

''A question of more grave and paramount import-
ance to the people of this State could hardly be brought
in this court. Nearly every town and village has or-
ganized under the law referred to. Acting in accord-
ance with its authority, they have built schoolhouses,
employed teachers, incurred debts, and systematized
and put in operation rules and regulations, which have
greatly redounded to our educational interest. Before
a court would be justified in pronouncing against this
system, and producing the inextricable confusion which
must necessarily follow, it should furnish reasons for
its decision, at once clear, cogent, and convincing.''

The same learned judge, on page 465, said:

''Special statutes relate to certain individual
classes or particular localities. Had the act applied
to a certain specified town or a single corporation, it
would have been special; but such is not the case. It

is co-extensive with the State, and its influence is felt in every county and almost every township. It is conceded that it does not include in its operation every individual nor extend to all the territory, but that is not required. It is as general as is consistent with its scope and design, and no law more general in its nature could be framed to effectuate and carry out the object in view. This is also a sufficient answer to the point raised, that the act is in opposition to the fourth section of the eighth article of the Constitution.''

The above observations of Judge WAGNER apply with equal force to the law under consideration here. Similar laws have been passed in this State relating to other subjects which have likewise been sustained.

In 1873 this court was called upon by the General Assembly to express its opinion as to whether or not a township organization law could be legally passed under the Constitution of 1865. Said opinion (Opinion of Supreme Court Judges on Township Organization Law, 55 Mo. 295), on page 297, reads as follows:

''It is a general law made for the whole State, and by the terms of the act itself took effect from and after its passage. Every county in the State may avail itself of the privileges offered by this law by a majority vote of its people. It is left to the option of the counties whether they will organize under the law or not. If a majority vote for it, such vote does not create the law, but places the county so voting within its provisions, and the organization then takes effect, and also the law, as it existed before the vote was taken. The law does not delegate, nor was it the intention of the lawmakers to delegate, legislative authority to the counties. Unless the counties avail themselves of the right to organize they will remain as they were, unaffected by any of the provisions of this statute. It is unnecessary to elaborate this point or to write a lengthy political essay on a subject, which, it seems to us,

needs no illustration. It is sufficient to say that we are satisfied that no provision of the Constitution has been violated in the passage of this law.''

This opinion was signed by Judges ADAMS, WAGNER, SHERWOOD and EWING.

We likewise have in this State, and have had for many years, a statute authorizing any county or township, under the circumstances named therein, to adopt a stock law. The same objections were urged to this class of legislation, as are urged in the present case; but this court uniformly held that the different classes of laws heretofore discussed, are neither special, nor do they violate any provision of the Constitution.

We are of the opinion, that the above contention of relator is without merit, and it is overruled.

V. It is next insisted that the above act is in violation of the provisions of section 11 of article 10 of the Constitution of Missouri, in that such a district would be neither country nor city district. We are of the opinion that there is no merit in this contention. Section 10775, Revised Statutes 1909, classified the different school districts of the State and there is nothing in the above Act of 1913 which, in any manner, conflicts with the section of the Constitution above referred to. This contention of relator is likewise overruled.

Neither Common Nor City District.

VI. It is contended by appellant that the above act violates section 1 of the Fourteenth Amendment of the Constitution of the United States, in that it denies to citizens of the State equal protection of the laws, etc. This same constitutional question was put forward in the attack made on the Local Option Law of this State, as will be seen by reference to the opinion of Judge BLACK in Ex parte Swann, 96 Mo. l. c. 51-2, in which he says:

Equal Protection of Laws.

"A further objection to the statute is, that it contravenes section one of article fourteen of the Constitution of the United States, which declares that no State shall 'deny to any person within its jurisdiction the equal protection of the law.' Our statute, which allows the State fifteen peremptory challenges in capital cases in cities having over one hundred thousand inhabitants, whilst elsewhere the State is allowed only eight peremptory challenges, was assailed in Hayes v. Missouri, 120 U. S. 68, as being in conflict with the above prohibitions upon state legislation. The Supreme Court of the United States then said: This amendment 'does not prohibit legislation which is limited either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and the liabilities imposed.' And again it was said in Missouri v. Lewis, 101 U. S. 1. c. 30,. speaking of the same constitutional provision: 'It contemplates persons and classes of persons. It has not respect for local and municipal regulations that do not.injuriously affect or discriminate between persons or classes of persons within the place or municipalities for which such regulations are made.'

"The law in question applies alike to all persons within the territory or locality where it is adopted. There is no discrimination whatever in favor of or against persons or classes of persons within such territory. They are all treated alike. It is true the penalties for violating this law are not the same as those for violating the dram-shop law. They are, indeed, not the same offenses. In the one case the offense is the violation of a law which allows and regulates traffic in intoxicating liquors as a beverage, and in the other case the offense is for selling such liquors where

the sale of it is prohibited by law. But aside from this the law makes no discrimination as to persons in the territory where it takes effect, and that is enough to show that it in no way contravenes the section of the Constitution of the United States before quoted.''

We do not deem it necessary to consider the constitutionality of the above act further. In no uncertain language, the following recent cases have upheld the validity of the proceeding thereunder, to-wit: State of Missouri ex inf. Simrall ex rel. Clements et al. v. Clardy, 267 Mo. 371; State of Missouri ex rel. Hilbert v. Glaves, 268 Mo. 100; State ex rel. v. Gordon, 261 Mo. 631.

It has been the policy of this court, in construing the statutes relating to schools and school districts, to give them a liberal construction, and to uphold the same whenever it can be done without violating the plain provision of the law.

Having decided the constitutional question adversely to relator, and no error having been found in the record proper, the judgment of the trial court is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All the judges concur; *Bond, J.,* in result.