## CITY OF ST. LOUIS v. DANIEL E. VAUGHN, Appellant.

### Division One, March 4, 1918.

1. **APPEAL: No Printed Abstract.** If appellant in a civil case neither files nor serves a printed abstract of the record, his appeal must be dismissed.

2. ———: ———: **Violation of City Ordinance: Civil Case.** A prosecution for a violation of a city ordinance, in which the city seeks to recover money as a fine, for such violation, is a civil case, and the rules governing an appeal by the defendant from a judgment against him apply as in other civil cases.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Benjamin F. Clark*, Judge.

APPEAL DISMISSED.

*Charles P. Johnson* and *C. Orrick Bishop* for appellant.

*Charles H. Daues* and *H. A. Hamilton* for respondent.

GRAVES, J.—In this case the city of St. Louis complained against the defendant, Daniel R. Vaughn, for

a violation of Ordinance No. 27113 of said city, approved July 14, 1913. The city sought to recover of defendant the sum of $500 as a fine. Judgment for the city and defendant has appealed.

It is suggested in the brief of the respondent (city of St. Louis) that appellant has neither filed nor served a printed abstract of the record in this case, notwithstanding our rules 12, 13 and 14, requiring the same. This suggestion is well taken. We find no printed abstract of the record on file in the case. For the appellant we find "Appellant's Statement, Brief and Argument" and no other printed document in his behalf.

In the early case of Kansas City v. Clark, 68 Mo. l. c. 590, it was held that a proceeding of the kind involved here was a civil suit. To like effect was the ruling in St. Louis v. Weitzel, 130 Mo. l. c. 612, whereas SHERWOOD, J., said:

"And first as to the sufficiency of the complaint; in regard to which it may be observed that we have always held that a prosecution under a city ordinance is but a *civil action,* and hence the sufficiency of the complaint therein is to be determined by the same rules as are dominant in other civil cases. [Kansas City v. Clark, 68 Mo. 588; Ex parte Hollwedell, 74 Mo. 395.]"

If this were a criminal case this division of the court would have no jurisdiction. Our jurisdiction is dependent upon the fact that the suit is a civil action. Being a civil action our rules 12, 13 and 14, with reference to printed abstract of record, apply. The appeal should be dismissed for failure to comply with the rules. It is so ordered. All concur, except *Bond, P. J.,* absent.