State ex inf. Attorney-General v. Parrish.

---

THE STATE ex inf. JESSE W. BARRETT, Attorney-General, ex rel. E. A. McCANN, Appellant, v. J. C. PARRISH et al.

Division Two, March 19, 1925.

1. **APPELLATE JURISDICTION: Consolidated School District.** This court alone has jurisdiction of an appeal from a judgment in a *quo warranto* suit whose purpose is to challenge the validity of the organization of a consolidated school district and to oust its directors, since by the Constitution this court has jurisdiction in all cases involving "title to office under this State."

2. ———: **No Printed Abstract: No Index.** An appeal, in which appellant has failed to file a printed abstract of the record, and only files a typewritten transcript without index, will be dismissed,

3. ———: **Assignment: Demurrer.** An assignment in the brief that the trial court erred in sustaining defendants' demurrer to the evidence, because the judgment was against the law, where the facts alleged in defendants' return to the writ of *quo warranto* were not controverted by a reply or otherwise, and no error is assigned as to the sufficiency of the pleadings, cannot be considered on appeal, for, in such condition, such assignment raises nothing to review.

4. ———: **Dismissal or Affirmance.** Where the appeal must be dismissed for failure to comply with the rules and statutes relating to the filing of a printed abstract, and the time in which a writ of error may be sued out has expired, it is immaterial whether plaintiff's appeal be dismissed or the judgment affirmed.

Citations to Headnotes: 1, Courts, 4 C. J. 2069, 2185; 2 and 4, Appeal and Error, 4 C. J. 2069, 2185, 2435; 3, Appeal and Error, 3 C. J. 1584.

Appeal from Taney Circuit Court.—*Hon. Fred Stewart,* Judge.

DISMISSED.

*Adams & Moore* for appellant.

The consolidated school district was illegally formed. It was an attempt to annex a common school district to a city district which has a high school. To annex an adjoining common school district to a town or city district having a high school a majority of the voters of the common school district must vote therefor at a special election, and then the school board of the city school by a majority vote of the directors must determine whether such district will be annexed. The voters of the city district do not vote on the proposition at all. Sec. 11257, R. S. 1919.

*R. C. Ford* for respondents.

(1) The court did not err in sustaining defendants' demurrer and rendering judgment, dismissing relator's

bill, quashing the information and writ, discharging the
defendants, and that the consolidated school district was
and is duly, legally and lawfully formed. R. S. 1919,
secs. 11257-11258; State ex inf. v. Bright, 250 S. W. 601;
State ex inf. v. Consolidated School District, 290 Mo.
135; State ex inf. v. Fasse, 189 Mo. 532.    (2)    This is a
*quo warranto* proceeding to oust school directors.    The
office of school director being an office under this State,
the Supreme Court has exclusive jurisdiction on appeal.
Sec. 12, Art. 6, Mo. Constitution; State ex inf. v. Consoli-
dated School District, 290 Mo. 135; State ex inf. v. Fasse,
189 Mo. 534; State ex rel. v. Hill, 152 Mo. 238; State ex
rel. v. Stone, 152 Mo. 202.

RAILEY, C.—This case came to the undersigned, on
re-assignment, since the adjournment of the January
Call, 1925, of this Division.

The cause was originally pending in this court and,
through mistake, was erroneously transferred to the
**Jurisdiction.**    Springfield Court of Appeals.    The latter
properly certified the case back to this court
for our determination, and in its opinion transferring
the case, said: "The purpose of the proceeding here is
undoubtedly to challenge the validity of the organiza-
tion of the consolidated school district, and to oust the
directors thereof."

Section 12 of Article VI of our Constitution pro-
vides that the Supreme Court shall have jurisdiction on
appeal in all cases involving "the title to any office under
this State."    See also the following authorities:    State
ex inf. Thompson v. Bright, 298 Mo. 1. c. 345, 250 Mo. 599
and cases cited; State ex inf. West v. Consolidated
School District, 290 Mo. 1. c. 138-9, 234 S. W. 54; State
ex inf. Barker v. Smith, 271 Mo. 168, 196 S. W. 17; State
ex inf. Wright v. Morgan, 268 Mo. 265, 187 S. W. 54;
Ramsey v. Huck, 267 Mo. 1. c. 336, 184 S. W. 1. c. 968;
State ex inf. Sutton v. Fasse, 189 Mo. 532.

It is manifest from the foregoing, and the record in
the case, that this court alone has jurisdiction of the
cause on appeal.

I. While appellant has filed in this court a *typewritten copy* of the record and proceedings of the circuit court, without any index thereto, he has sig-

**Printed Abstract Necessary.** nally failed to file herein a printed abstract of the record and proceedings of the trial court, including a printed index thereto as required by law. The relator, in his amended petition, on which the case was tried, as set out in his brief, attacked the validity of consolidated school district Number One, in said Taney County, and sought to oust respondents as school directors of said district. The transcript on file here shows that respondents filed a voluminous return in this cause, controverting the allegations of the petition, and setting up the facts relating to their election, etc. It does not appear that any reply was filed putting in issue the affirmative allegations of said return. The transcript further discloses that the court, at the conclusion of the whole case, found for respondents and made an elaborate finding of facts, etc. The above transcript, composed mainly of carbon copy, covers between forty and fifty pages.

Section 1479, Revised Statutes 1919, provided that appellant should "within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file *printed abstracts of the entire* record of said cause in the office of the clerk of such appellate court, and within such time, deliver a copy of said *prin ed abstract* to the respondent." (Italics ours.)

Rule 12 of this court provides that: "Where a complete transcript is brought to this court *in the first instance, the appellant shall deliver to the respondent a copy of his abstract of the record* at least thirty days before the day on which the cause is set for hearing, and file ten copies thereof with our clerk not later than the day preceding the one on which the cause is set for hearing." (Italics ours.)

Rule 13 of this court reads as follows:

"The *abstracts* mentioned in Rules 11 and 12 shall be printed in fair type, be paged *and have a complete in-*

*dex at the end thereof, which index shall specifically identify exhibits where there are more than one, and said abstracts shall set forth so much of the record as is necessary* to a complete understanding of all the questions presented for *decision."* (Italics ours.)

Rule 16 provides that: "If any appellant in any civil case fail to comply with the rules numbered 11, 12, 13, and 15, the court, when the cause is called for hearing, will *dismiss the appeal,* or writ of error." (Italics ours.)

The appellant has signally failed to comply with the foregoing statute and rules of this court. He has printed no abstract of record as above required, and in his brief has simply set out the amended petition, with *garbled extracts* from the bill of exceptions, in *argumentative* form. It was the duty of appellant to *print an abstract of record* showing the filing of the petition, the return of respondents, the judgment rendered, the filing of the motion for a new trial, the overruling of same, the steps taken to perfect the appeal, and to set out in said printed abstract of the record, the evidence as incorporated in the transcript, either as written, or in legal effect.

Numerous cases can be found in our reports, where appeals have been dismissed or the judgments below affirmed, for failure of the appellant to set out in a printed abstract of the record one or more of the material requirements made by the statute and our rules of procedure, but, in this case, both the statute and our rules have been completely ignored, and no effort has been made to file herein any kind of a printed and indexed abstract of the record. It therefore becomes our plain duty to either affirm the judgment or dismiss the appeal. [City of St. Louis v. Chartrand, 254 S. W. (Mo.) 866; Perringer v. Raub, 300 Mo. l. c. 537-8, 254 S. W. 703; St. Louis v. Vaughn, 273 Mo. 528-3, 201 S. W. 524; Bank v. Kropp, 266 Mo. l. c. 220 and cases cited; Case v. Carland, 264 Mo. 463; St. Louis v. Young, 248 Mo. 346; Milling Company v. St. Louis, 222 Mo. 306; Coleman v. Rob-

erts, 214 Mo. 634; Pennowfsky v. Coerver, 205 Mo. 135; Stark v. Zehnder, 204 Mo. 442; Clay v. Publishing Co., 200 Mo. 665; Whiting v. Lead Co., 195 Mo. 509; Nolan v. Johns, 126 Mo. 1. c. 167.]

A single quotation is sufficient to show the trend of the foregoing authorities, as well as many others in the appellate courts of the State, in respect to the matter under consideration. In Whiting v. Lead Co., 195 Mo. 1. c. 510, Brace, J., in clear and forceful language, in dealing with this subject, said:

"The appeal in this case is brought here on a complete transcript, but the appellant has failed to file an abstract thereof as required by statute (R. S. 1899, sec. 813), and rules 12 and 13 of this court. The only paper filed herein by the appellant is endorsed, 'Statement, Brief and Argument of Appellant.' It does not purport to and does not contain an abstract of the record upon which the same ought to be based as required by the statute and rules aforesaid. It is a mistake to suppose that filing a complete transcript of the record in this court dispenses with the necessity of filing an abstract thereof. [McLaughlin v. Fischer, 188 Mo. 546; Whitehead v. Railroad, 176 Mo. 475; Clements v. Turner, 162 Mo. 466.] The mere opinion of counsel as to what the record is, expressed in the statement of appellant's case, cannot be taken for an abstract. Counsel cannot thus evade the duty of making a correct abstract of the transcript, to the verity of which their professional honor is pledged, or devolve that duty upon the court. Hence, this appeal will be dismissed. All concur."

The other authorities cited are in full accord with the ruling of Judge Brace, supra, and leave no room for cavil or doubt as to the disposition which should be made of this appeal.

II. Our rules of court require, not only a *printed abstract of the record*, but likewise require a *printed index* at the conclusion of the *printed* abstract of record. [Rule 13.] This rule is mandatory in

Dismissal.

its terms and, unless complied with, warrants the court

State ex inf. Attorney-General v. Parrish.

in dismissing the appeal. Rule 13, supra, was not only *ignored,* but even the *transcript contains no index.* The appeal should accordingly be dismissed. [Manuel v. Railroad, 186 Mo. l. c. 500; Foster v. Vernon Co., 150 Mo. 316-17; Murrell v. McGuigan, 148 Mo. 334; Halstead v. Stone, 147 Mo. 649; Brand v. Cannon, 118 Mo. 595; Garrett v. Coal Mining Co., 111 Mo. 279; Cunningham v. Railroad, 110 Mo. 208.]

III. Rule 15 of this court, among other things, provides that: "The brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain, in addition thereto: (1) *a fair and concise statement of the facts of the case without reiteration, statements* of law, or argument. (Italics ours.)

Rule 16 provides that if appellant fails to comply with the above requirements of Rule 15, the court may dismiss the appeal.

The brief of appellant on file here utterly fails to comply with the plain provisions of Rule 15, supra, and, hence, the appeal should be dismissed. [Longan v. K. C. Rys. Co., 253 S. W. (Mo.) l. c. 760; Crockett v. K. C. Rys. Co., 243 S. W. (Mo.) l. c. 905; Smith v. Newhouse, 199 S. W. (Mo.) l. c. 940; Royal v. K. C. W. Ry. Co., 190 S. W. (Mo.) 573.]

IV. There is but a *single* assignment of error in appellant's brief, which reads as follows: "The court

Assignment. erred in sustaining the defendants' demurrer at the close of the evidence; because the judgment was against the law in such case."

The facts, as alleged in respondent's return, were not controverted by a reply, or otherwise, and, no error being assigned as to the insufficiency of the pleadings, it leaves nothing for review here, and the appeal must be dismissed for the reasons aforesaid.

(a) As to rules of procedure in printing abstracts of record under the full transcript, or under the short form of appeal, see Frohman v. Lowenstein, 260 S. W.

(Mo.) l. c. 462; Vaughn v. Vaughn, 251 Mo. l. c. 445, 158 S. W. 345.

V. As the appeal was taken in this case on April 18, 1823, the time for suing out a *writ of error* has long since expired. It therefore makes no material difference whether the judgment below be affirmed or the appeal dismissed.

**Dismissal or Affirmance.**

On account of appellant's failure to comply with the statute and rules of this court as heretofore pointed out, the appeal herein is dismissed. *Higbee,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.