FRED PRUETT, DEFENDANT IN ERROR, v. MILGRAM FOOD STORES, INC., PLAINTIFF IN ERROR.—112 S. W. (2d) 371.

Kansas City Court of Appeals. January 21, 1938.

*Lawrence E. Goldman* for plaintiff in error.

*McCollum & Ewald* for defendant in error.

CAMPBELL, C.—The plaintiff in error seeks to have reviewed a judgment against it and in favor of the defendant in error in the sum of $198.52 actual and $500 punitive damages.

The plaintiff in error timely filed abstract of the record. Thereafter defendant in error called attention to the fact that the abstract

does not have a complete index at the end thereof as required by our rule 30. On October 13, 1937, the day on which the cause was docketed for hearing, the plaintiff in error filed motion for leave to amend abstract by showing in the index four exhibits introduced by the defendant in error and which were omitted from the index of the abstract on file.

Rule 13 of the Supreme Court requires an appellant or plaintiff in error to furnish an abstract which has "a complete index at the end thereof which index shall specifically identify exhibits. . . ." This rule is mandatory. [Murrell v. McGuigan, 148 Mo. 334, 49 S. W. 984; The State ex inf. Jesse W. Barrett, Attorney-General, ex rel. E. A. McCann v. J. C. Parrish et al., 37 Mo. 455, 458, 270 S. W. 688.]

Our rule 30, with which plaintiff in error has failed to comply is, in effect, the same as rule 13 of the Supreme Court. Rule 30 has the force and effect of a legislative enactment and it is our duty to enforce it.

The motion to amend abstract is denied, and the writ of error is dismissed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. Motion to amend abstract is denied; writ of error is dismissed. All concur.