## THE STATE v. WRAY, *Appellant.*

### Division Two, November 5, 1894.

Appellate Practice: BILL OF EXCEPTIONS: MOTION FOR NEW TRIAL. The supreme court will not review the exceptions taken on the trial nor look into the evidence adduced, when the motion for new trial has not been preserved in the bill of exceptions nor preserved in the record and called for in the bill, the clerk having only been directed to copy the same.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*R. F. Walker,* Attorney General, and *C. O. Bishop* for the state.

(1) The indictment is in proper form, and there is no error apparent upon the record proper. R. S. 1889, sec. 3535. (2) It has been declared by this court that "unless the motion for new trial be incorporated in the bill of exceptions we can not take notice of any alleged errors arising in the progress of the trial, and which can only be brought to our attention by bill of exceptions." *State v. Robinson,* 79 Mo. 66; *State v. Griffin,* 98 Mo. 672; *State v. Gordon,* 117 Mo. 387. This rule applies as well to criminal proceedings as to civil. *State v. McCray,* 74 Mo. 303; *State v. Dunn,* 73 Mo. 580. "And in such case, we are limited in our examination to such errors as might be cor-

rected on a motion in arrest of judgment." *State v. Sweeney*, 68 Mo. 98.

SHERWOOD, J.—Indicted for grand larceny, the defendant was convicted of that offense and appeals to this court.

The indictment is sufficient. The evidence has been preserved in the bill of exceptions, but inasmuch as the motion for a new trial has not been preserved in the bill, nor preserved in the record and called for in the bill, the clerk being directed to copy the same, we can not look into any exceptions taken nor into the evidence adduced. R. S. 1889, sec. 2304; *State v. Griffin*, 98 Mo. 672.

As there is no error in the record proper, the judgment must be affirmed. All concur.

