THE STATE v. HANDLEY, *Appellant.*

Division Two, May 17, 1898.

1. **Appellate Practice:** MATTERS FOR BILL OF EXCEPTIONS. By section 2304, Revised Statutes 1889, the motion for a new trial and in arrest and the instructions filed in the lower court need not be copied or set forth in the bill of exceptions, provided the bill directs the clerk to copy the same and they are copied in the record sent to the Supreme Court.

2. ———: ———. But where they are not set forth in the bill of exceptions, and there is no direction to the clerk to copy the same, no notice will be taken of them by the Supreme Court and only the record proper will be considered. And this is true notwithstanding the motion for a new trial is copied in the transcript.

*Appeal from Randolph Circuit Court.* — HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Thos. I. Carter* and *F. P. Wiley* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

SHERWOOD, J. — Seduction the charge, three months in the county jail and a fine of $100 the punishment.

Section 2304, Revised Statutes 1889, so far as necessary to quote it, is as follows: "But it shall not be necessary for the review of the action of any lower court on appeal or writ of error, that the motion for a new trial, in arrest of judgment, or instructions filed in the lower court shall be copied or set forth in the bill of exceptions filed in the lower court, provided the bill of exceptions so filed contains a direction to the

clerk to copy the same, and the same are so copied into the record sent up to the appellate court."

In this case the motion for a new trial has not been embodied in the bill of exceptions, nor does that bill contain a direction to the clerk to copy such motion. Consequently we can not notice the motion although it appears in the transcript. *State v. Griffin,* 98 Mo. 672. No error appearing in the record proper, judgment affirmed. All concur.