THE STATE ex rel. ANNIE C. FIELD v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, February 15, 1919.

1. **BILL OF EXCEPTIONS: Record Recital of Filing.** A recital in the proper place in the abstract of the record, but after a caption "Bill of Exceptions," that on "June 1st, 1917, the appellant duly filed her bill of exceptions in this cause, which said bill of exceptions recites and sets forth the following," is not to be considered as a recital from the bill of exceptions, but a recital in the abstract of the record proper that the bill was filed. The

State ex rel. Field v. Ellison.

mere fact that this record recital comes after the caption "Bill of Exceptions" in the printed abstract will not justify the court in ruling that the record proper does not show that a bill of exceptions was filed.

2. **MANDAMUS: To Court of Appeals.** The Supreme Court, in the exercise of its superintending control over courts of appeals and inferior courts, can and will, by its writ of mandamus, compel a court of appeals to hear and determine on its merits a case, falling within its jurisdiction, in which it has wrongfully ruled that the printed abstract did not contain a recital in the record proper that a bill of exceptions had been filed by appellant.

3. ———: ———: **Ascertainment of Facts.** The Supreme Court will, in a mandamus case, examine for itself the facts before a court of appeals, and determine from them whether it has refused to exercise its full jurisdictional power. The finding of facts by the court of appeals, or its judgment of the law, will not preclude the Supreme Court from determining the facts or granting the writ of mandamus to compel it to. exercise a jurisdiction it has .erroneously refused to exercise.

## Mandamus.

WRIT MADE ABSOLUTE.

*Johnson & Lucas* and *R. H. Field* for relatrix.

(1) The Supreme Court has a superintending control of the Court of Appeals, and has the final say as to the sufficiency of a printed abstract of record filed in a case in the Court of Appeals, when there is a controversy thereon; and this authority is properly exercised by a mandamus proceedings. State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Smith, 172 Mo. 618; State ex rel. v. Broaddus, 239 Mo. 368. (2) It is no longer necessary that printed abstracts of the record filed in appellate court should contain a copy, or even any recital, of the record entry in the circuit court of the filing of the bill of exceptions in a cause. It is now sufficient as to filing of a bill of exceptions in a cause in the circuit court, if the printed abstract of the record, filed in the appellate court, only "state that the bill of exceptions was duly filed." This recital imports that the bill of exceptions was filed

within the proper time and in the proper place and that the proper record entry thereof was made in the circuit court. Rule 26, K. C. Court of Appeals, adopted Jan. 6, 1913; Rule 31, Supreme Court, adopted Dec. 10, 1912; Reidy v. Reidy, 171 Mo. App. 342; Burnett v. Prince, 272 Mo. 74. (3) The Court of Appeals was in error and entirely wrong in construing the recital of the filing of relatrix' bill of exceptions, set forth in relatrix' abstract of the record, as being a recital in the said bill of exceptions, because the said bill of exceptions contains no recital of its filing. This recital in relatrix' abstract of the record entirely precedes the bill of exceptions set forth therein. (4) Respondents are also wrong in the contention in their return, that the heading, "Bill of Exceptions," preceding the above stated recital, in relatrix' said abstract of the record, severed that recital from the parts of the record proper set forth in said abstract. This heading, "Bill of Exceptions," was a double-header; it properly denoted the entire subject of the bill of exceptions and all that was said thereon in the paragraphs following it. This was no confusion of the record proper with the matters of exception in said printed abstract of the record. City of Caruthersville v. Huffman, 262 Mo. 367. Surely, it cannot be correctly held that it was not germane to this heading, "Bill of Exceptions," to recite thereunder the fact that the bill of exceptions was duly filed, because without being duly filed it could not be considered a bill of exceptions. (5) Furthermore, this heading, "Bill of Exceptions," was not required and was obviously used only as a pointed way of suggesting the place in the printed abstract where the whole subject of the bill of exceptions could be turned to and found, including both the filing thereof and also the bill of exceptions itself. This heading does not purport to be, and is not, any actual part of the record, and therefore is to be considered as mere surplusage in the printed abstract in question. It is uniform and familar law that a court paper or court record is not

vitiated, weakened or strengthened, by merely super-fluous matters therein. Iroquois v. Annan-Burg Milling Co., 179 Mo. App. 87; State ex rel. v. Knight, 46 Mo. 83; Dollman v. Munson, 90 Mo. 85; State ex rel. v. Tittman, 103 Mo. 554; Radcliffe v. Ry. Co., 90 Mo. 128.

*Ball & Ryland* for respondents.

(1) Mandamus will not lie in this case (a) because the object and purpose of the use of the writ here is to correct an alleged error in the matter of the law of procedure, claimed to have been committed by a court of competent and final jurisdiction in its disposition of the case involved; and (b) because if relatrix's theory of the correct rule of law on the matter in question is sound, she has another proper and sufficient remedy. 6 West's Dig., title, "Mandamus," secs. 4, 5, 21 and 23; Same title and secs., vols. 13, 15 and 17; State ex rel. v. Broaddus, 207 Mo. 107. (2) The abstract does not comply with Rule 26 of the Court of Appeals, or with identical Rule 31 of this court, as construed by that court and this. Harding v. Bedoll, 202 Mo. 629; State ex rel. v. Broaddus, 239 Mo. 364; Hutson v. Allen, 236 Mo. 646; City of St. Louis v. Young, 248 Mo. 347; State ex rel. v. Board of Health, 266 Mo. 265; Tracy v. Tracy, 201 S. W. 902; Squares v. Peters, 202 S. W. 530; Wilson v. Reed, 270 Mo. 400.

GRAVES, J.—This case, in its facts, turns upon a narrow margin. The original action was one to enforce a special tax bill, by the Parker-Washington Company against the relator herein, Annie Camp Field. The circuit court of Jackson County decided against Mrs. Field, and she appealed to the Kansas City Court of Appeals. In this case she filed an abstract of record, but the court, by a *per curiam* opinion, held that all of her complaints were lodged against matters of exceptions in the bill of exceptions, and that her abstract of record failed to show that she filed a bill

277 Mo.—4

of exceptions. The Court of Appeals thereupon ruled that, as there was no error upon the face of the record proper, the judgment would have to be affirmed and accordingly it was affirmed.

The present proceeding is one by mandamus to compel the Court of Appeals to hear relator's appeal upon its merits. The exact situation, as appears from the abstract of record before the Kansas City Court of Appeals, is as follows: First, we have the caption "Appellant's Abstract of the Entire Record in the Case." Under this caption is (1) a recitation of the facts of the filing of the petition in the circuit court, (2) an abstract of the petition, (3) a recitation of the facts of the filing of an answer by defendant, Annie C. Field, and a copy of such answer.

We then find the following headline: "Other Record Entries," and following this headline is another headline reading: "Bill of Exceptions." As the crux of the case is at this point, we deem it best to quote in full here from and including the two headlines above mentioned, and for some space following the latter headline, so that the exact connection may be seen. It follows thus:

"Other Record Entries.

"November 2, 1916, jury waived in this cause.

"May 7, 1917, 49th day of the regular March Term of said Circuit Court, record of Division 4 of said court recites trial of the cause before the court without a jury, the court's finding. and special judgment for the plaintiff, Parker-Washington Company, in the sum of $59.16 as the amount then due on the alleged tax-bill and, adjudged the plaintiff, Parker-Washington Company, have special judgment for said sum, with ten per cent interest from date, and have execution therefor and for all costs, against appellant's said lot of land described in the petition.

"May 9, 1917, record of Division No. 4 of said Circuit Court recites that, on that day, Annie Camp

Field filed in this cause her motion for a new trial herein.

"May 10, 1917, record of said division of said court recites the following: (1) That, on that day, said court overruled said motion for a new trial and that, afterwards on the same day, defendant, Annie Camp Field, filed her affidavit for appeal in this cause from the said judgment and decision of Division No. 4 of said circuit court to the Kansas City Court of Appeals; and said appeal was duly taken by said Annie Camp Field, and was duly allowed by said circuit court.

"Bill of Exceptions.

"June 1, 1917, the appellant, Annie Camp Field, duly filed her bill of exceptions in this cause, which said bill of exceptions recites and sets forth the following:

"That on the 2nd day of November, 1916, the 37th day of the regular September Term of Division No. 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, the trial herein was begun and the following proceedings were had in this cause before Hon. W. O. Thomas in said division of said court, to-wit: R. E. Ball appeared as attorney for plaintiff and R. H. Field appeared as attorney for defendant, Annie Camp Field. The plaintiff read in evidence the special tax bill for $28.40, alleged in the petition; which, with the ten per cent per annum interest allowed on said special tax bill amounted on the date of the judgment to the sum of $56.16, the amount of the court's finding and judgment (Bill of Exception, page 2)."

From thence forward is an abstract of matters in the bill of exceptions. On the last page of the abstract of the Record in the Court of Appeals appears this:

"Wherefore, the defendant Field prays the court to settle and allow this her bill of exceptions to all and singular the acts, rulings and orders of the court in the premises, and that the same may be signed, filed, and made a part of the record herein. (Bill of Ex. 58)

"Now, therefore, the court, being fully advised in the premises doth find the foregoing to be a correct bill of exceptions taken and saved on behalf of the defendant Field herein, and doth sign the same, and doth order that the same may be filed and made a part of the record in this cause.

"Given under the hand of the judge of said court, before whom the proceedings were had, on this 1st day of June, 1917.

WM. O. THOMAS,
"Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Division No. 4.
"(Bill of Ex. 59-60)"

The cover to said bill of exceptions has indorsed thereon the following:

(1) The number and title of the case as hereinbefore stated; 

(2) "Filed June 1st, 1917, James B. Shoemaker, Clerk, by John A. Thompson, D. C."

(3) "Johnson & Lucas and R. H. Field,
"For Appellants."

This is followed by a complete index. The whole reason assigned by the Court of Appeals for not hearing the case upon its merits lies in the fact that the recitation "June 1, 1917, the appellant, Annie Camp Field, duly filed her bill of exceptions, which said bill of exceptions recites and sets forth the following" appears after the caption, "Bill of Exceptions."

They say that this in effect destroys this recitation of fact, as a recitation of fact as to the record proper, and makes it a recitation of fact from the bill of exceptions.

This peculiar situation of facts, and the law applicable, is all there is to the case before us.

I.   It is patently clear that the recitation "June 1, 1917, the appellant, Annie Camp Field, duly filed her

Record Recital.

bill of exceptions in this cause, which said bill of exceptions recites and sets forth the following'' was intended for an abstract of a fact of record in the record proper. Take the last line thereof: ''which said bill of exceptions recites and sets forth the following:'' If this means anything, it means that the things which follow come from the bill of exceptions, and not the things which preceded this line. To make it plain let us place the situation in this shape. As it actually appears, we have:

### ''BILL OF EXCEPTIONS.

''June 1, 1917, the appellant, Annie Camp Field, duly filed her bill of exceptions in this cause, which said bill of exceptions recites and sets forth the following:

''That on the 2nd day of November, 1916, the 37th day of the regular September Term of Division No. 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, the trial herein was begun and the following proceedings were had in this cause before Hon. W. O. Thomas in said division of court, to-wit: R. E. Ball appeared as attorney for plaintiff and R. H. Field appeared as attorney for defendant, Annie Camp Field.

''The plaintiff read in evidence the special tax bill for $28.40, alleged in the petition; which, with the ten per cent per annum interest allowed on said special tax bill amounted on the date of the judgment to the sum of $59.16, the amount of the court's finding and judgment (Bill of Exceptions, page 2).''

But if we drop the headline ''Bill of Exceptions'' down to where it belongs, under the recitations before us, we would have:

''June 1, 1917, the appellant, Annie Camp Field, duly filed her bill of exceptions in this cause, which said bill recites and sets forth the following:

## "BILL OF EXCEPTIONS.

"That on the 2nd day of November, 1916, the 37th day of the regular September Term of Division No. 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, the trial herein was begun and the following proceedings were had in this cause before Hon. W. O. Thomas in said division of said court, to-wit: R. E. Ball appeared as attorney for plaintiff and R. H. Field appeared as attorney for defendant, Annie Camp Field.

"The plaintiff read in evidence the special tax bill for $28.40, alleged in the petition; which, with the ten per cent per annum interest allowed on said special tax bill amounted on the date of the judgment to the sum of $59.16, the amount of the court's finding and judgment (Bill of Exceptions p. 2)."

The language used indicates that this headline should be just where we have placed it, last above. With it so placed the whole situation is clear. That it should be considered in the place where we have fixed it, is made clear by the last page of the bill of exceptions, which we have quoted. This last page contains the bill of exceptions' recitation of facts as to the bill of exceptions, and demonstrates that the first recitation, which we have quoted, was intended as a recitation of fact from the record proper.

The whole context of the matter so shows, so that we have no hesitancy in saying that the Court of Appeals was in error in saying that the recitation "June 1, 1917, the appellant Annie Camp Field duly filed her bill of exceptions in this cause, which said bill of exceptions recites and sets for the following" was a recitation of fact from the bill of exceptions, rather than a recitation of fact contained in and shown by the record proper. To me this appears too clear for further elaboration. This leaves only the applicable law to be considered.

II.    That this court, in the exercise of its superintending control over courts of appeals, and inferior

State ex rel. Field v. Ellison.

courts, can, by mandamus, compel such courts to hear
and determine a case within their juris-
**Mandamus.**          diction, is unquestioned law. The Consti-
tution grants the power, and it has been long and
consistently exercised. State ex rel. v. Smith, 172 Mo.
l. c. 459; State ex rel. v. Smith, 172 Mo. l. c. 627;
State ex rel. v. Broaddus, 210 Mo. l. c. 9 and 10.]

Nor have we permitted such courts by an erroneous
conclusion of facts to refuse to exercise their full
jurisdictional power. By this I mean, if the court
by erroneously holding that a given condition of facts
exists, refuses to exercise its full jurisdictional powers,
and we find that such state of facts does not exist,
we will by mandamus compel such court to exercise its
full jurisdictional power, in the given case. This on
the theory that, in such case, we determine the facts,
and on such facts grant or refuse our writ. In other
words we will not, in mandamus, allow the finding of
the facts by the Court of Appeals, or their judgment
of the law, to preclude us from granting our writ. We
will find our own facts from the record before them,
and apply our judgment of the law, in determining
whether or not we will compel them to hear or further
hear a given case. [State ex rel v. Broaddus, 210 Mo.
l. c. 10 et seq; State ex rel. v. Broaddus, 239 Mo. 359.]

In both of the cases, last above cited, this court
looked to the records on file in the Court of Appeals,
and from them determined the facts for ourselves, and
upon our conclusion of facts, applied the applicable
law. In the latter of the two cases, last above cited,
the Court of Appeals had affirmed a judgment, as in
the case now before us, and had refused to look into
the merits of the case, so far as such merits were to
be found in the bill of exceptions. [State ex rel.
v. Broaddus, 239 Mo. l. c. 362.] This court, however,
examined the abstract of the record on file in the
Court of Appeals (239 Mo. l. c. 363 & 364) and found
that the Court of Appeals did, in law and fact, have
before it for consideration the matters of exceptions

56 SUPREME COURT OF MISSOURI,

State ex rel. School Dist. No. 1 v. Hackmann.

in the bill of exceptions, and we granted our peremptory writ of mandamus, by which we compelled the Court of Appeals to set aside its order and judgment affirming the judgment *nisi*, and directing it to hear the case upon the full record before it.

We believe, upon full consideration, that the doctrine of these cases is right. In mandamus to compel an inferior court to exercise its jurisdiction, the fact as to whether such court in refusing to exercise its jurisdiction or any part thereof, is to be determined by this court. We determine this fact from the record before the Court of Appeals, it is true, but we must determine it ourselves.

So in the instant case, we have found that the abstract of the record in the Field case was such as to make the consideration of the matters in the bill of exceptions a duty upon the part of the Court of Appeals. This duty such court failed and refused to perform, although the case was one within their jurisdiction. Under the authority of the cases, supra, our alternative writ of mandamus should be made absolute and it is so ordered.

All concur, except *Faris, J.*, who dissents because he thinks mandamus is not proper remedy. *Bond, C. J.*, concurs in result.