# THE STATE ex rel. KANSAS CITY LIGHT & POWER COMPANY v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

In Banc, March 22, 1924.

1. **PRACTICE: How Governed.** In modern days practice in the preparation of abstracts for use of appellate courts is governed by statutes and the rules of court.

2. **MANDAMUS: To Court of Appeals: To Hear and Decide Case.** In the exercise of its superintending control over all inferior courts given by the Constitution, the Supreme Court has power, by mandamus, to compel a Court of Appeals to hear and determine a case within its jurisdiction. And in such case, the Supreme Court determines for itself, from the facts appearing in the abstract filed in the Court of Appeals, whether said Court of Appeals is refusing to exercise its jurisdiction or any part of it, and if it appears from said facts that the Court of Appeals wrongfully refused to consider the case upon its merits the Supreme Court will compel it to do so.

3. **APPEAL: Abstract: Motion for New Trial: Printed in Record Proper: Reference Thereto in Bill of Exceptions.** Where in that part of the printed abstract devoted to the record proper was a recital that on a certain day, which was within the proper time, the appellant "filed its motion for a new trial, in words and figures as follows" and then proceeded to set out the motion in full, and in the bill of exceptions, and at the place where such motion would properly appear therein, there was another recital to the effect that on said day appellant filed its motion for a new trial which "is not here duplicated, but reference is made thereto" to the page of the abstract at which it was printed, and then recited that an exception to the overruling of the motion was saved, said motion, both by the statute and the rules of court, was for consideration on appeal, and the Court of Appeals, which had jurisdiction of the case, failed to exercise its jurisdiction when it refused to consider the case on its merits on the alleged ground that the bill of exceptions did not contain a motion for a new trial. It was a mere superfluous act to print the motion for a new trial in connection with the record proper, but having been printed there, and the bill of exceptions, at the proper place, having recited that it was so printed and for that reason "is not here duplicated" and reference being there made to the very

State ex rel. Light & Power Co. v. Trimble.

page of the printed abstract on which the motion was to be found, it affirmatively appears that the motion was incorporated in the bill of exceptions.

Headnote 1:   Appeal and Error, 4 C. J. sec. 2087 (1926 Anno).   Headnote 2:   Courts, 15 C. J. sec. 511.   Headnote 3:   Appeal and Error, 4 C. J. sec. 2081 (1926 Anno).

## Mandamus.

PEREMPTORY WRIT AWARDED.

*John H. Lucas, William C. Lucas* and *Ludwick Graves* for relator.

(1) The opinion and judgment of the Court of Appeals denies to relator the protection of its property, and its day in court, in violation of the guaranties afforded by the Constitution of the United States. Amendment 14, sec. 1, U. S. Constitution. (2) The judgment, opinion and order of the Court of Appeals is in conflict with the Constitution of the State of Missouri. (a) In that it deprives relator of the enjoyment of the gains of its own industry, and thus fails of its chief design. Sec. 4, art. 2, Mo. Constitution. (b) In that it closes the court of justice and denies to relator a certain remedy for injury to its property and that right and justice should be administered without sale, denial or delay. Sec. 10, art. 2, Mo. Constitution. (c) In that it is a taking of property without due process of law. Secs. 21 and 30, art. 2, Mo. Constitution. (d) In that it deprives relator of the guaranty that the practice in the Supreme Court shall apply in the Court of Appeals. Sec. 15, art. 6, U. S. Constitution. (3) The opinion and judgment are violative of the laws of the State of Missouri governing proceedings in the Supreme, Court of Appeals and other courts of the State. Secs. 1276, 1478 to 1480, 1511 to 1514, R. S. 1919. None of which empower the Court of Appeals to affirm this judgment, but deny such authority. Zumault v. Suburban Belt Ry., 175 Mo. 288, 311; Gordon v. Park, 219

Mo. 600, 608; Sanders v. Chartrand, 158 Mo. 352, 363; Pennington v. Rys. Co., 284 Mo. 21.   (4)  The opinion and order are contrary to the law governing proceeding and practice; is arbitrary; unsustained by the record submitted, and violative of all matter herein referred to.  R. S. 1919, secs. 1478, 1479; Rule 13 of this Court; Central Bank v. Lyda, 191 S. W. 245.

*Henry M. Griffith, George H. Kelly, Wm. Buchholz, Isaac B. Kimbrell* and *Martin J. O'Donnell* for respondents.

(1)   The abstract of record filed in the Court of Appeals affirmatively asserted that the motion for new trial filed in the cause had never been incorporated in the original bill of exceptions, and hence that court had no jurisdiction on that abstract to review the matters contained in the bill of exceptions.  Statute of Westminster 2nd, 13 Edw. I, cap. 31; Cokes Commentary, 2nd Inst. 426; Sec. 7048, R. S. 1919; State ex inf. v. Morgan, 268 Mo. 265; Stevenson v. Saline Co., 65 Mo. 428; State v. Robinson, 79 Mo. 66; Sec. 1512, R. S. 1919; Collins v. Barding, 65 Mo. 496; Cornett v. Lawson, 243 S. W. 95; Brown v. O'Brien, 217 S. W. 600; State v. Revely, 145 Mo. 660.  In St. Louis v. Young, 248 Mo. 346, the court condemned the practice followed by relator in the case at bar. Thus, "The rule is that since matters of exception must be in the bill of exceptions, the abstract of the bill should show that matters of exception are still in the bill."   (2) The statement in the abstract of the bill of exceptions that "said motion for new trial appears at pages 10-13 of this abstract of the record, is not here duplicated but reference is made thereto," coupled with the reproduction at page 13 of the record proper of the clerk's filing endorsement, and at page 14 of the record proper that "the order overruling said motion for new trial and noting appellant's exception thereto appears at page 91, record 611, of the Circuit Court of Jackson County, at Kansas City," was tantamount to an assertion that the motion for new trial

was never incorporated in the original bill of exceptions, and this court and the courts of appeals have on identical records affirmed the judgments without consideration of the matter in the bills of exception. State ex rel. Peet v. Ellison, 196 S. W. 1103; State ex inf. v. Morgan, 268 Mo. 270; State v. Revely, 145 Mo. 660; State v. Leichtman, 146 Mo. App. 295; Harrison v. Punch, 222 S. W. 132; Anderson v. Seward Grain Co., 208 S. W. 632.

GRAVES, J.—Original action in *mandamus*. We granted our alternative writ, after due consideration of the matter involved in the application for the writ. It is to be regretted that just a little feeling appears in the briefs. The majority of this court has stricken out short excerpts from a brief. All this, however, does not change the simple facts of the case.

Eliminating from consideration the short excerpts stricken from one brief, by order of a majority of this court, we shall undertake a plain, concise and simple statement of the facts involved in the record now before us.

The relator here seeks to compel the Judges of the Kansas City Court of Appeals to hear its appeal in the case of John G. Miller, Respondent v. Kansas City Light & Power Company, Appellant, being case No. 14645 upon their docket. That court, by opinion filed, refused to hear the case upon its merits, for the alleged reason that the abstract of the bill of exceptions did not contain a motion for new trial, and hence the record proper only was before such court. As said, we granted our alternative writ, and therein said to the Court of Appeals:

"NOW, THEREFORE, we being willing that due and speedy justice be done to the said relator, in this behalf, Command you, the said Francis H. Trimble, Ewing C. Bland, and Henry L. Arnold, Judges of said Court of Appeals, that you do, without further delay or excuse, immediately after the receipt of this writ, set aside the order made by you on the 5th day of March, 1923, overruling the motion for a rehearing filed by appellant (re-

lator herein) in a cause between John G. Miller, Respondent, and Kansas City Light and Power Company, Appellant (No. 14645), in said Court of Appeals, and that you make an order sustaining said motion for a rehearing, and that you do proceed with said cause to a decision on the matter contained in the bill of exceptions set out in the printed abstract of the record, statement, assignment of errors and brief, filed in said cause by said appellant, relator herein, or that you show cause, if any you have, before the Supreme Court of the State of Missouri, on the 28th day of May, 1923, why you should not do so.''

Return was made to our alternative writ, and the issues are here made up, which includes a stipulation as to some facts. The facts stipulated and pleaded can be shortly stated, and of these there is no controversy. Motion for judgment closed the issues, which of course included the signed stipulation as to facts.

With the application for our writ, and as an exhibit made a part of the application, is the abstract of record in the Kansas City Court of Appeals. The return sets out all of the rules of that court, and reference thereto, where necessary, will be noted. The alleged and agreed facts do not contravene the facts shown by the abstract of record. A supplemental abstract of record was filed, and disallowed by the court. If this becomes material, it can be noted later. We return therefore to the first abstract of record filed in the Court of Appeals. In this we find an abstract of the record proper, and in addition an abstract of the bill of exceptions. In what is and has heretofore been called the record proper, we find at page 10 thereof the following:

''Motion for New Trial.

''On the 28th day of October, 1921, within four days after the rendition of verdict and judgment herein, and during the October, 1921, term of said court, the appellant filed its motion for new trial, in words and figures as follows.''

Following this is the motion in full. No question about this situation.

Later we find at page 17 the heading, "Bill of Exceptions," and at page 108 of said abstract under the heading of "Bill of Exceptions" we find the following recitation of the things in the bill of exceptions:

"And afterward, on the 28th day of October, 1921, during the September, 1921, term of said court and within four days of the rendition of verdict and judgment herein the defendant filed its Motion for New Trial, which said Motion for New Trial appears at pages 10-13 of this abstract of the record, is not here duplicated, but reference is made thereto: which said Motion for New Trial was on the 29th day of November, 1921, at the November term, 1921, of said court, by the court taken up, heard and considered and overruled, said order overruled defendant's Motion for New Trial appearing at page 14 of this record is not here duplicated but reference is made thereto.

"To which action of the court is overruled defendant's said Motion for New Trial the defendant then and there at the time duly excepted and still excepts."

From page 17 to and including page 108 the abstract filed purports to be an abstract of the bill of exceptions.

The supplemental abstract filed after the motion to affirm the judgment shows clearly that the motion for new trial was in fact in the bill of exceptions, and to this bill of exceptions counsel for respondent signed the following:

"We hereby consent that the foregoing is a full, true and correct bill of exceptions on behalf of the defendant herein, and agree that the same may be signed, filed and made a part of the record in this cause."

It is not and cannot be denied that the original bill of exceptions contained the motion for new trial in the usual place, and with the usual exception after it had been overruled by the trial court. This is made clear by the supplemental abstract, but to this it was urged that it should not be considered because out of time, and after point had been made against the first abstract, and it was not considered by the Court of Appeals. The record is

now before us, and we are left to the legal status of the record.

I.   Counsel for respondent would lead us into a labyrinth of old cases from the Statute of Westminster 2nd, 13 Edw. I. and Coke's Commentary, 2nd Inst. 426, and from thence forward.  This early legal lore we cast aside, because we live in a day when statutes and court rules govern the practice in the preparation of an abstract of record in these modern times.  Learned disquisitions upon ancient legal lore is more interesting than useful at this time in Missouri.  Distinguished counsel have entertained and enlightened us upon some of this ancient legal lore, but when we come to determine what is now an abstract of the record in the case, we must get to earth, and see what our courts have considered to be the fixed requirements under the statutes and court rules.  Even in our limited experience the practice upon appeal has been materially changed by court rules, and court rulings.  Upon our advent upon this bench, we tried to collate the law of procedure as to abstracts of record, and think we gave the status of the then existing court rulings.  We were young at the helm, and did not venture far into the realms of theory or logic, but contented our aspirations with an outline of decided cases.  Of course we ventured a thought or two of our own once in a while.  We refer to the much cited case of Harding v. Bedoll, 202 Mo. 625.  If learned counsel would be as diligent in citing later cases, wherein the fixed rules of Harding v. Bedoll, supra, have been gradually chiseled down, as they have been in citing this particular case, we would have a broader view of the present law.  The Harding-Bedoll Case was our child, and we were proud of it, but during the long years since the writing of that review of what we think now, and thought then, was the status of our court law at that time, we have seen this court depart from many things in the case of Harding v. Bedoll.  Sometimes we regretted the departure, and at others we welcomed it.  We simply

*Practice: Governed by Statutes and Rules.*

write now to advise the bar that many changes have taken place since the Harding Case. Most of our legal brothers have discovered this fact, and need no admonition. *Nor do the rulings in that case materially reach the real point in this case.* We shall discuss the present case, under what we now consider present Missouri rulings.

II.   Our right to compel a Court of Appeals to hear a case upon its merits, where such court has failed so to do, is unquestioned. [State ex rel. Field v. Ellison, 277 Mo. l. c. 54 et seq.]   The present writer there said:

**Mandamus Available.**

"That this court, in the exercise of its superintending control over courts of appeals, and inferior courts, can, by mandamus, compel such courts to hear and determine a case within their jurisdiction, is unquestioned law. The Constitution grants the power, and it has been long and consistently exercised. [State ex rel. v. Smith, 172 Mo. l. c. 459; State ex rel. v. Smith, 172 Mo. l. c. 627; State ex rel. v. Broaddus, 210 Mo. l. c. 9 and 10.]

"Nor have we permitted such courts by an erroneous conclusion of facts to refuse to exercise their full jurisdictional power. By this I mean, if the court by erroneously holding that a given condition of facts exists, refuses to exercise its full jurisdictional powers, and we find that such state of facts does not exist, we will by mandamus compel such court to exercise its full jurisdictional power, in the given case. This on the theory that, in such case, we determine the facts, and on such facts grant or refuse our writ. In other words we will not, in mandamus, allow the finding of the facts by the Court of Appeals, or their judgment of the law, to preclude us from granting our writ. We will find our own facts from the record before them, and apply our judgment of the law, in determining whether or not we will compel them to hear or further hear a given case. [State ex rel. v. Broaddus, 210 Mo. l. c. 10 et seq.; State ex rel. v. Broaddus, 239 Mo. 359.]

"In both of the cases last above cited, this court looked to the records on file in the Court of Appeals, and from them determined the facts for ourselves, and upon our conclusion of facts, applied the applicable law. In the latter of the two cases, last above cited, the Court of Appeals had affirmed a judgment, as in the case now before us, and had refused to look into the merits of the case, so far as such merits were to be found in the bill of exceptions. [State ex rel. v. Broaddus, 239 Mo. l. c. 362.] This court, however, examined the abstract of the record on file in the Court of Appeals (239 Mo. l. c. 363, 364) and found that the Court of Appeals did, in law and fact, have before it for consideration the matters of exceptions in the bill of exceptions, and we granted our peremptory writ of mandamus, by which we compelled the Court of Appeals to set aside its order and judgment affirming the judgment *nisi*, and directing it to hear the case upon the full record before it.

"We believe, upon full consideration, that the doctrine of these cases is right. In mandamus to compel an inferior court to exercise its jurisdiction, the fact as to whether such court in refusing to exercise its jurisdiction or any part thereof, is to be determined by this court. We determine this fact from the record before the Court of Appeals, it is true, but we must determine it ourselves."

The foregoing was our ruling in Court in Banc. We cannot make it more complete now. Mandamus is the remedy, and this court determines the fact as to whether or not the Court of Appeals should have heard the case upon its merits. We did that in Field's Case, supra, and also in the cases therein cited. We shall do so in this case.

III. As stated, supra, the rules of practice in the Kansas City Court of Appeals are pleaded in the return. The affirmance of the judgment, by the opinion filed, was based upon a failure to comply with rules as to abstracts. We shall not consider nor discuss the supplemental abstract which was rejected by that court. Nor shall we discuss the rules of the Kansas City Court of Appeals. This, for the reason that it stands conceded (in effect) that if the first abstract of record filed shows that

the motion for new trial was incorporated in the "Bill of Exceptions," and such bill of exceptions shows an exception to the overruling of such motion, then no rule of practice or statute had been violated, and the relator here was entitled to have its case determined upon the merits. Under the rule in State ex rel. Field v. Ellison, 277 Mo. l. c. 55, this court will take the abstract of record before the Court of Appeals and make our own findings as to what it shows, unhampered by anything done or said by the Court of Appeals. To rule less would be to render futile our superintending control of a lower court by and through mandamus. If such lower court could finally determine the fact which determines our right to compel such lower court to proceed in a case, our superintending control through mandamus, given by the Constitution, would be a mere myth. We would have no such control.

Now to the facts in the abstract of record before the Kansas City Court of Appeals. It is in cold type, and cannot be disputed. This abstract of record shows, under proper headings, an abstract (1) of the record proper, and (2) of the bill of exceptions. Under the heading "Record" is found the abstract of the entry of record showing the filing of a motion for new trial. It goes further however, and sets out *in haec verba* the said motion. The latter was a mere superfluous act. Many good lawyers, however, not only copy their motion for new trial in the record proper as well as in the bill of exceptions. The whole record in this case shows that such was done in this case. On page 17 of the printed abstract is the heading "Bill of Exceptions." From thence on and including page 111 of the printed abstract is nothing but an abstract of things contained in the bill of exceptions. It is clear upon the face of this printed abstract that such is the fact. As said, in the record proper at page 10 of the abstract we have an abstract of a record entry showing the filing of a motion for new trial. This unnecessarily adds that such motion is "in words and figures as follows," and thereafter appears the full motion. This need not have

been done. The critical point appears at page 108 of the printed record, whereat it is recited:

"Motion for New Trial."

"And afterward, on the 28th day of October, 1921, during the September, 1921, term of said court, and within four days of the rendition of verdict and judgment herein the defendant filed its Motion for New Trial, which said Motion for New Trial appears at pages 10-13 of this abstract of the record, is not here duplicated, but reference is made thereto; which said Motion for New Trial was on the 29th day of November, 1921, at the November term, 1921, of said court, by the court taken up, heard and considered and overruled, said order overruling defendant's Motion for New Trial appearing at page 14 of this record is not here duplicated but reference is made thereto.

"To which action of the court in overruling defendant's said Motion for New Trial the defendant then and there at the time duly excepted and still excepts."

From page 17 of the printed abstract to page 111 of the same nothing is found except abstracts from the bill of exceptions. The language used on page 108 shows that a motion for new trial as found in the bill of exceptions was the thing being there abstracted. It speaks of the filing of the motion just where such matter would in usual events appear in a bill of exceptions. It speaks of the overruling of the motion, and shows the preservation of an exception to the adverse ruling. That all these matters show that counsel were abstracting a motion for new trial from the bill of exceptions in the case is too plain for controversy. Counsel say we will not reprint this motion at this point, because we have already printed it at other named pages. This very allegation proves beyond doubt that they were abstracting a motion for new trial, as it appeared in the bill of exceptions. Note the language "is not here duplicated" in the record we have set out. "Here," as used above, was the usual place for the motion for new trial, together with recitation of its filing and overruling and exceptions thereto. "Here" as

just used was in that portion of the abstract of record under the heading "Bill of Exceptions." It had no reference to anything except a motion for new trial therein and thereat set out. It simply says that we will not duplicate, or reprint it here in the bill of exceptions, because we have printed it elsewhere, to which reference is made. This reference was sufficient to make the printing of the motion as of the place stated in the bill of exceptions. It is simply one of those cases where the Court of Appeals has misconstrued a printed document before it. Under our views of this printed record, it is affirmatively shown that the motion for new trial was incorporated in the bill of exceptions, and was abstracted as being therein. If this be true under no statute or court rule could the judgment of the circuit court be affirmed without a hearing upon the merits of the appeal. This hearing the court refused to give. Our alternative writ should be made absolute, and said court directed to vacate such order affirming the judgment, and then to hear the case upon its merits.

It is so ordered. All concur; *James T. Blair, J.*, in result.