## MILLER v. KANSAS CITY LIGHT & POWER CO. et al.[*]

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926.)

No. 7120.

**I. Courts ⬤⟹207(4)—Supreme Court of Missouri may grant mandamus requiring Court of Appeals to consider and determine cause on its merits (Const. Mo. Amend. 1884, §§ 6, 8; Rev. St. Mo. 1919, § 1514).**

The decision of a Missouri Court of Appeals that the abstract of appellant in a case was insufficient to authorize a review of errors assigned *held* not in conformity with prior decisions of the Supreme Court construing Rev. St. Mo. 1919, § 1514, so as to deprive the Supreme Court of jurisdiction under Const. Mo. Amend. 1884, §§ 6, 8, to compel Court of Appeals by mandamus to hear case on merits.

**2. Appeal and error ⬤⟹579—"Abstract" defined.**

An "abstract," such as is required on appeal under the Missouri practice, is an abridgment; the word denoting a less quantity containing the virtue and force of a greater quantity.

**3. Courts ⬤⟹107—Opinions will be construed in light of facts of case.**

Decisions of courts are not to be construed so literally as to destroy their substance, but regard must be had for the facts of the particular case, for the ends sought to be reached, for the evils to be avoided, and the benefits to be attained.

**4. Constitutional law ⬤⟹277(1)—Judgment of affirmance was not property, after reinstatement of appeal compelled by a court having jurisdiction (Const. U. S. Amend. 14).**

A plaintiff had no property right, within Const. U. S. Amend. 14, in a judgment of a Missouri Court of Appeals, affirming judgment in his favor for insufficiency of defendant's abstract, where Supreme Court, acting within its powers, compelled Court of Appeals by mandamus to reinstate and hear appeal on the merits.

**5. Courts ⬤⟹506.**

A federal court is without authority to stay proceedings in a state court, which is acting within its constitutional powers.

---

[*]Rehearing denied October 11, 1926.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Suit in equity by John G. Miller against the Kansas City Light & Power Company and others. Decree for defendants, and complainant appeals. Affirmed.

Martin J. O'Donnell, of Kansas City, Mo. (Henry M. Griffith, George H. Kelly, William Buchholz, and I. B. Kimbrell, all of Kansas City, Mo., on the brief), for appellant.

Ludwick Graves, of Kansas City, Mo. (John H. Lucas and William C. Lucas, both of Kansas City, Mo., on the brief), for appellees.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. Appellant filed his bill of complaint in the District Court for the Western District of Missouri to restrain appellees from prosecuting in the Supreme Court of Missouri their writ of certiorari to review the action of the Kansas City Court of Appeals in favor of appellant and against appellee light and power company, affirming a judgment for the sum of $7,000 rendered in the circuit court of Jackson county, Mo. The history of this litigation is, in brief, as follows:

Upon appeal in the first instance to the Kansas City Court of Appeals, the judgment was affirmed, without consideration of the merits, for the assigned reason that the motion for a new trial was not printed in that part of the abstract of the record headed "Bill of Exceptions." The Court of Appeals, therefore, held that the record before it preserved no assigned error for the overruling of that motion by the state circuit court, and that it was accordingly confined to a consideration of the record proper; finding no error therein, the judgment was affirmed. Appellees thereupon applied to the Supreme Court for a writ of mandamus, which was granted, and the Court of Appeals was thereby directed to reinstate and hear the appeal upon its merits. To this, upon the coming down of the mandate, appellant objected, contending that the Court of Appeals had ruled in accordance with the last previous rulings of the Supreme Court on the subject; that its judgment of affirmance was therefore final, and not subject to review by the Supreme Court in any form; that the judgment thus affirmed was his property and not subject to interference through further proceedings in either the Court of Appeals or the Supreme Court of the state. The Kansas City Court of Appeals, feeling itself bound by the ruling of the higher court, did, however, consider the case anew, and again affirmed the judgment. Thereafter appellees notified appellant of their intention to file an application for a writ of certiorari in the Supreme Court of Missouri to review the said action of the Court of Appeals, and before said application was filed appellant instituted this action to enjoin the filing of said application and the prosecution of the writ. The temporary restraining order in said action was subsequently dissolved and the cause dismissed for want of jurisdiction; thereafter appellees caused a writ of certiorari to issue from the Supreme Court to review the action of the Kansas City Court of Appeals.

The contention of appellant is that, through the original affirmance by the Kansas City Court of Appeals, its judgment became finally his property; that both the Kansas City Court of Appeals and the Supreme Court are without further jurisdiction in the matter; that he is not a party recognized by law to the proceeding thus pending in the Supreme Court, and has no right on certiorari to be heard in the Supreme Court of the United States; that therefore he is about to be deprived of his property without due process of law, contrary to the provisions of the federal Constitution, and more particularly of the Fourteenth Amendment thereto. The District Court granted a preliminary restraining order, and thereafter, on motion, this temporary restraining order was dissolved, and the bill dismissed for want of jurisdiction. From this order and decree, appellant prosecutes this appeal.

[1] The bill of complaint is very explicit, and sets out fully all essential facts upon which the prayer for relief was based, incorporating therein a large part of the opinion of the Kansas City Court of Appeals. The District Court, therefore, had before it all matters necessary to a complete disposition of the questions presented.

Two sections of the Missouri Constitution are involved. Section 6 of the amendment of 1884, dealing with Courts of Appeals, provides that: "The last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeals." Section 8, conferring the authority upon which the Supreme Court has assumed, and is now assuming, to act, provides: "The Supreme Court shall have superintending

control over the Courts of Appeals by mandamus, prohibition and certiorari."

Construing the latter section the Supreme Court has held: "Under this power, if a Court of Appeals refuses to act, when it should act, we can by mandamus compel it to act. If such a court threatens to act, when it has no lawful authority to act, we can by writ of prohibition stop it from acting, and we maintain, further, that if such court acts, but in so doing goes beyond its constitutional power, and such is apparent upon the face of its record, then by other writ of superintending control—i. e., the writ of certiorari —we can have their record certified to this court and quashed." State ex rel. v. Robertson, 264 Mo. 661, 675, 175 S. W. 610, 612.

It is further held that the Supreme Court, in the exercise of its superintending control over inferior courts, including the Courts of Appeals, can by mandamus compel such courts to hear and determine a case within their jurisdiction; that the Constitution grants this power, which has been long and consistently exercised, and in such exercise the Supreme Court, from the record presented, determines the facts for itself, and is not bound by the finding of the Courts of Appeals in that regard. State ex rel. Field v. Ellison, 277 Mo. 46, 209 S. W. 107; State ex rel. v. Broaddus, 239 Mo. 359, 143 S. W. 455; State ex rel. v. Broaddus, 210 Mo. 1, 108 S. W. 544; State ex rel. v. Smith, 172 Mo. 446, 72 S. W. 692; Same v. Same, 172 Mo. 618, 73 S. W. 134.

In State ex rel. Field v. Ellison, supra, the court said: "Nor have we permitted such courts by an erroneous conclusion of facts to refuse to exercise their full jurisdictional power. By this I mean, if the court, by erroneously holding that a given condition of facts exists, refuses to exercise its full jurisdictional powers, and we find that such state of facts does not exist, we will by mandamus compel such court to exercise its full jurisdictional power, in the given case. * * * We will find our own facts from the record before them, and apply our judgment of the law, in determining whether or not we will compel them to hear or further hear a given case."

In State ex rel. v. Broaddus, 239 Mo. 359, 143 S. W. 455, supra, it was further said: "If we have power under the Constitution to compel them to exercise a part of their jurisdiction over an appeal, we undoubtedly have the power to compel them to hear all issues properly presented by such appeal, whether such issues be found in the record

proper or in the bill of exceptions." This has been the consistent construction of this constitutional provision by the Supreme Court of Missouri.

In issuing the writ of mandamus by which it compelled the Kansas City Court of Appeals to hear the appeal of appellee on the merits (State ex rel. Kansas City Light & Power Co. v. Trimble et al., 303 Mo. 284, 258 S. W. 696), that court held that, under its view of the printed record, it was affirmatively shown that the motion for new trial was incorporated in the bill of exceptions and was abstracted as being therein: that therefore the Court of Appeals had failed to exercise its full jurisdiction in refusing to consider and decide the merits; that this view was in accordance with its previous decisions properly construed. If such is a correct statement of the situation, the jurisdiction of the Supreme Court must be conceded, and its action is not subject to review by the national courts.

To understand the question here presented, some reference must be made to appellate procedure in the Missouri courts. We have to do here simply with a motion for new trial and action thereon, and whether the errors assigned were sufficiently preserved for appellate cognizance. In Missouri it is necessary that errors relied upon in the course of a trial must be preserved by a bill of exceptions signed by the judge and filed in term; among these, those affecting motions for new trial are included. Upon appeal it is incumbent upon appellant to have printed an abstract composed of two parts—an abstract of the record proper and an abstract of the bill of exceptions. In the instant case, in the abstract of the record proper, at page 10, is found the abstract of an entry of record in the trial court showing the filing of a motion for new trial. The appellant went further than this, and set out the motion in hæc verba. This was not required. On page 17 of the printed abstract occurs the heading "Bill of Exceptions." From that point on there is an abstract of the things contained in this bill; at page 108 thereof this recitation is found:

"And afterward, on the 28th day of October, 1921, during the September, 1921, term of said court, and within four days of the rendition of verdict and judgment herein, the defendant filed its motion for new trial, which said motion for new trial appears at pages 10–13 of this abstract of the record, is not here duplicated, but reference is made thereto, which said motion for new

trial was on the 29th day of November, 1921, at the November term, 1921, of said court, by the court taken up, heard, and considered, and overruled; said order overruling defendant's motion for new trial, appearing at page 14 of this record, is not here duplicated, but reference is made thereto. To which action of the court in overruling defendant's said motion for new trial the defendant then and there at the time excepted and still excepts."

This state of the record was the basis of the action of the Kansas City Court of Appeals in refusing to consider the merits, for the assigned reason that the motion for new trial was not set out or properly called for in this part of the record devoted to the bill of exceptions, although it was contained in prior pages of the same general abstract devoted to the record proper. It is conceded, of course, that there are certain things which must be contained in the abstract of the record as such, and certain other things which must appear in the abstract of the bill of exceptions, although both form parts of the same general abstract, often referred to in the cases as the abstract of the record. The Supreme Court held that upon the face of this document it sufficiently appeared that the motion for new trial was set out in the bill of exceptions filed in the lower court, and that the reference made was sufficient to make the printing of the motion as of the place stated in the bill of exceptions.

It is contended by appellant that this is contrary to the last previous decisions of the Supreme Court, by which the Court of Appeals was bound; that those previous decisions established the law of the case, which made the judgment of the Court of Appeals final, and incapable of being disturbed by any action of the Supreme Court, and that the Supreme Court, by its ruling in this mandamus case, could not change the law as affecting the property rights of appellant. The rule laid down in the Missouri decisions, upon which the construction for which appellant contends is based, is founded upon section 1514, Revised Statutes of Missouri 1919, vol. 1, p. 654. This same section is numbered 2304 in the Statutes of 1889; 866, Statutes 1899; and 2083, Statutes 1909—and reads as follows:

"*Duty of Court in Disposition of Cases.* —The Supreme Court, St. Louis Court of Appeals and Kansas City Court of Appeals, in appeals or writs of error, shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law; but it shall not be necessary, for the review of the action of any lower court on appeal or writ of error that any pleading, motion, instruction or record entry in the case, or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court, shall be copied or set forth in the bill of exceptions filed in the lower court: Provided, the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court. When the facts in a special verdict are insufficiently found, they may remand the cause and order another trial to ascertain the facts."

It will be observed that this section, by its terms, deals only with the contents of the bill of exceptions filed in the lower court, and has nothing to do with the printed abstract lodged in the appellate court. It is necessary only in the latter, provided the bill of exceptions filed below contains the matters and rulings complained of, either by copying or by directions to the clerk, that the abstract should show that they are so preserved in the bill, and should present such matters to the appellate court for its consideration. As said in State v. Revely, 145 Mo. 660, 662, 47 S. W. 787, 788: "The only way that the motion for a new trial could have been made part of the record was by copying it into the bill of exceptions, or into the record proper by\the clerk in pursuance of directions to that effect."

It will thus be seen that, if the appellant copies his motion in the original bill of exceptions filed, he has discharged his obligation in that regard; if he does not do so, but gives directions to the clerk, the motion is then copied into the record proper, just where it appears in the case before us. In the printed abstract of the record, however, filed in the appellate court, in that part thereof which deals with the bill of exceptions, a sufficient showing of the contents of the bill must be made. We have examined with care a great number of decisions of the Supreme Court in which consideration of errors assigned for the overruling of motions for new trial has been denied for failure to make such showing. These decisions have been cited by appellant, or have been pointed out in the cases upon which appellant chiefly relies. Among them are the follow-

ing: State v. Griffin, 98 Mo. 672, 12 S. W. 358; State v. Wray, 124 Mo. 542, 27 S. W. 1100; State v. Handley, 144 Mo. 118, 45 S. W. 1088; State v. Revely, 145 Mo. 660, 47 S. W. 787; State v. Ruck, 194 Mo. 416, 92 S. W. 706, 5 Ann. Cas. 976; Harding v. Bedoll, 202 Mo. 625, 100 S. W. 638; Stark v. Zehnder, 204 Mo. 442, 102 S. W. 992; Reed v. Colp, 213 Mo. 577, 112 S. W. 255; Gilchrist v. Bryant, 213 Mo. 442, 111 S. W. 1128; Groves v. Terry, 219 Mo. 597, 598, 117 S. W. 1167; State ex rel. v. Adkins, 221 Mo. 120, 119 S. W. 1091; Hays v. Foos, 223 Mo. 423, 424, 122 S. W. 1038; Betzler v. James, 227 Mo. 387, 126 S. W. 1007; St. Louis v. Henning, 235 Mo. 44, 138 S. W. 5; Blanchard v. Dorman, 236 Mo. 438, 439, 139 S. W. 395; Simcoe Realty Co. v. Brewing Co., 247 Mo. 31, 32, 152 S. W. 31; City of St. Louis v. Young, 248 Mo. 347, 348, 154 S. W. 87; Haggerty v. Ruth, 259 Mo. 222, 223, 168 S. W. 587; State ex rel. v. State Board of Health, 266 Mo. 242, 180 S. W. 538.

Examination of these cases discloses that the rulings therein are based upon situations where the appellant had failed to copy the motion for new trial, or some other essential document, into the bill of exceptions filed in the lower court, and had failed to direct the clerk to copy the same, or the abstract failed to show by appropriate language that this had been done, or failed to show the nature of the motion, or what it contained, with sufficient fullness, or where matters confined to the record proper, and to the bill of exceptions as such, had been so jumbled together in the record filed as to produce such inextricable confusion that the appellate court refused to disentangle them. In some of these cases the statute above quoted is referred to, and some broad expressions of disapproval are used.

The three cases specifically relied upon as disclosing the last previous rulings of the Supreme Court on this question are State ex inf. v. Morgan, 268 Mo. 265, 187 S. W. 54; State ex rel. Peet et al. v. Ellison et al. (Mo. Sup.) 196 S. W. 1103; Harrison v. Punch et al. (Mo. Sup.) 222 S. W. 132. The latter case states conclusions with respect to a record not set out in the opinion and bases its ruling upon that announced in State ex rel. Peet et al. v. Ellison et al. The latter case is based largely upon the decision of the court in State ex inf. v. Morgan, supra. We shall therefore consider the two last-mentioned cases in their order.

In State ex inf. v. Morgan, supra, that part of the opinion upon which the Kansas City Court of Appeals relied, and upon which appellant now relies, is in the following language:

"Appellant has set out as a part of the record proper his motion for new trial, the ruling of the court thereon, and alleged that an exception was taken to the action of the court in overruling same. Turning, however, to the abstract of record, and inspecting the contents of the alleged bill of exceptions, we find no motion for a new trial set out, nor is there any call made there for said motion. Appellant, in his abstract of record, where matters of exception are relied on, must show by the record proper that his motion for a new trial was filed within the time required by law. He complied with this requirement, as shown by the record. He is likewise required, in his abstract of record, to set out as a part of the bill of exceptions the motion for a new trial, or by appropriate language call for same therein. In the case at bar, the alleged bill of exceptions does not contain any motion for a new trial, nor is there any call therein for said motion. Hence, under the repeated rulings of this court, we can only consider the record proper." Loc. cit. 270, 271, 187 S. W. 55.

Then follows the list of cases hereinabove cited. The language of the abstract is not set out, but it is stated that in the part of the record devoted to the bill of exceptions no motion for a new trial is set out, nor called for by appropriate language. Obviously the writer of that opinion did not use the words "called for" as employed in section 1514 of the statute, because that statute applies only to the original bill of exceptions filed. The appellant makes no call upon the clerk with respect to his printed abstract. What is evidently meant, then, is that that part of the abstract must contain the motion for new trial either actually or constructively; that is to say, by reference in appropriate language to some part of the record before the appellate court.

In State ex rel. Peet et al. v. Ellison et al., 196 S. W. 1103, supra, the remaining case upon which reliance is placed, the Supreme Court adopted the statement of facts made in the opinion of the Court of Appeals, to wit:

"By the terms of the statute (section 2083, R. S. 1909) it is necessary to copy the motion in the bill before it is signed by the judge, unless it contains directions to the clerk to copy, in which case it will be sufficient if the motion 'is copied into the record

sent up. to the appellate court.' In this case the motion for new trial is not copied into the bill of exceptions, nor does the bill contain directions to copy it. The only thing appearing in the bill is that a motion for new trial was filed and overruled, and exceptions taken, and that 'said motion for new trial is set forth in full on page 89 to 105 of this abstract; hence is here omitted.' Those pages are pages of the record proper, and there is found at that place a copy of what purports to be a bill of exceptions. It has been many times decided that that mode of preserving a motion for new trial will not be allowed."

On the face of this statement it appears that the motion was not copied in the bill before it was signed by the judge in the lower court, nor did the bill contain directions to the clerk to copy. The statute again referred to, as we have seen, has no application to the abstract of record, but to the bill signed by the judge and lodged in the lower court as a preliminary right to appeal. It does appear, however, that the motion was copied into the record, but not in that part devoted to the bill of exceptions. In the latter part it is stated: "Said motion for. new trial is set forth in full on page 89 to 105 of this abstract; hence it is here omitted." This language falls short of calling for the motion by appropriate language; on the contrary, the motion is expressly omitted. The situation is that the motion is said to have been neither copied nor called for in the original bill, but merely printed in the record proper. The Supreme Court, in affirming the Court of Appeals, held that the motion was neither copied nor called for by appropriate language in that part of the abstract which dealt with the bill of exceptions.

In the instant case the language used is that: "Said motion for new trial appears at pages 10 to 13 of this abstract of the record, is not here duplicated, but reference is made thereto." The Supreme Court in State ex rel. Light & Power Co. v. Trimble, 303 Mo. 284, 258 S. W. 696, held that the place in the record where this language was used was the usual place for the motion for new trial, together with recitation of its filing and overruling and exceptions thereto; that the reference made was sufficient to make the printing of the motion as of the place stated in the bill of exceptions; in other words, that it was there called for by appropriate language. We agree with this conclusion, and do not find it to be contrary to the true spirit

and purport of the previous rulings of the court.

[2] Appellant in the Kansas City Court of Appeals, appellee here, was not undertaking to file the complete bill of exceptions; it was presenting an abstract. An abstract by definition, and as commonly understood, is an abridgment; as stated in Harding v. Bedoll, 202 Mo. loc. cit. 630, 100 S. W. 638, 639, it "denotes a less quantity containing the virtue and force of a greater quantity. 1 Cyc. 211. As applied to a record, it would mean a complete history in short, abbreviated, form of the case as found in the record. It would have to be complete enough to show that the questions presented for review have been properly preserved in the case. * * * Only so much thereof as is necessary to a full understanding of the questions presented for review." See, also, State ex rel. Light & Power Co. v. Trimble, 303 Mo. 284, 258 S. W. 696.

Whether the motion and exception were preserved in a bill of exceptions, or whether there was any call for them in the bill, may be shown by necessary implication. Groves v. Terry, 219 Mo. 595, 598, 117 S. W. 1167. In Gilchrist v. Bryant, 213 Mo. 442, 443, 111 S. W. 1128, the court said: "Now it has always been held that an exception can be preserved for appellate use nowhere else than in a bill of exceptions. Therefore the bill of exceptions should show the exceptions. Therefore the abstract of the bill of exceptions should show that the bill of exceptions shows the exceptions." In Stark v. Zehnder, 204 Mo. 442, 102 S. W. 992, it is held that the abstract "should show in some way" what the bill of exceptions filed below contained. It "should distinguish between what it intends to say is shown by the record proper and what it intends to say is shown by the bill of exceptions."

A situation very analogous to that at bar is presented in Hendricks v. Calloway, 211 Mo. 536, 111 S. W. 60. In that case the motion for new trial was not bodily copied in the bill of exceptions at its proper place. It did appear that it was copied in full in the record, but not bodily in the bill of exceptions, following the caption "Abstract of Bill of Exceptions." The court held:

"Where the bill of exceptions calls on the clerk to copy the motion for a new trial, and then recites that the motion was overruled, to which ruling appellant saved an exception, and the abstract, though inartificially arranged, contains enough to show that said

recital is a part of the bill of exceptions, it cannot be said that no exception was saved to the overruling of the motion for a new trial. The fact that the motions for a new trial and in arrest were not copied into the bill of exceptions at the places in the bill at which there were calls on the clerk to copy them will not authorize a ruling that there is no bill of exceptions before the appellate court. But if, in such case, the motions are copied in full in the record, though they do not appear bodily in that part of the abstract designated as the bill of exceptions, and the bill itself shows that exceptions were saved to the overruling of them, they will be held sufficient, as will the bill and abstract."

Judge Lamm further said: "The point was squarely held in judgment in Kreibohm v. Yancey, 154 Mo. l. c. 80 et seq. [55 S. W. 260]. In that case there was a call for the motions in the bill, but the motions themselves were not copied therein, but appeared elsewhere in the printed abstract, as here. This was held sufficient. Obviously it could not be well held otherwise without striking down the law. The amendment under consideration can be said, like a statutory torch, to have burned up the old rule of practice. So, too, the learning of the older cases relied upon by counsel became as a tale that is told—of value only to scholars in jurisprudence, who, reminiscent, trace the evolution of the law."

In State ex rel. v. State Board of Health, 266 Mo. 242, 180 S. W. 538, this significant statement is made: "No bill of exceptions is set out in the record, nor is there anything contained therein, which indicates that any of the other printed matters, in the abstract of record, were incorporated in or made a part of said bill of exceptions."

[3] We are unable to agree that the Kansas City Court of Appeals, in refusing to decide the case on the merits, followed the last previous rulings of the Supreme Court according to their true spirit and import. Decisions of courts are not to be construed so literally as to destroy their substance. Regard must be had for the facts of the individual case, for the ends sought to be reached, for the evils to be avoided, and the benefits to be attained. Unguarded language and broad expressions not infrequently creep in. As said by the Chief Justice in Sonneborn Bros. v. Cureton, 262 U. S. 506, 521, 43 S. Ct. 643, 648, 67 L. Ed. 1095, in speaking of the underlying principle which runs through court decisions: "It would be a

source of confusion and injustice if, through too broad expressions in a few opinions, a different conclusion from that to which it should carry us were to obtain."

The Supreme Court of Missouri, upon the facts found by it, decided in the instant case that the Kansas City Court of Appeals had not correctly interpreted, and therefore followed, its previous rulings; that it had not exercised its full jurisdiction in refusing to consider the case upon its merits. This was by the full court en banc. We think we should accord to that court full capacity and power to make this interpretation and to announce this judgment.

In State ex rel. Field v. Ellison, 277 Mo. 46, 209 S. W. 107, it was held that: "The Supreme Court, in the exercise of its superintending control over Courts of Appeals and inferior courts, can and will, by its writ of mandamus, compel a Court of Appeals to hear and determine on its merits a case, falling within its jurisdiction, in which it has wrongfully ruled that the printed abstract did not contain a recital in the record proper that a bill of exceptions had been filed by appellant."

[4, 5] The necessary converse of this proposition appears here. It was therein further held that the Supreme Court would find its own facts from the record, and would not be bound by the conclusion of the Court of Appeals. It follows from what has been said that appellant herein acquired no final property right in the original judgment of affirmance by the Kansas City Court of Appeals; that the Supreme Court of Missouri then, and since, has acted within its jurisdiction and the powers conferred upon it by the Missouri Constitution. It is unnecessary, therefore, to consider the other points raised and presented in this appeal. Objection is made that the District Court found that the bill failed to state a cause of action and that the court was, therefore, without jurisdiction. If the action of the court in dismissing the bill was right, it is immaterial what reason was assigned therefor. Inasmuch as the state courts were acting within their constitutional powers, the federal courts are forbidden to stay proceedings therein, and in that sense the District Court was without jurisdiction so to do.

The decree dismissing the case was right, and is affirmed. It follows, as of course, that the motion for a restraining order pendente lite is denied.